L. B. RICHARDSON v. THE STATE.

No. 2957. Decided March 16, 1904.

</div>

**1.—Obstructing Public Road—Indictment.**

That defendant unlawfully and willfully injured and caused to be injured a certain public road, naming it, by building and erecting a dam and levee along the side of said road, which said dam obstructs the natural water course across said road and injures it, by causing water to collect and stand and sand to accumulate therein, and that defendant refuses to cut said dam although ordered by the commissioners court to do so, is an allegation good on motion to quash.

**2.—Same—Jury and Jury Law.**

Unless the jury for the term of the county court are selected by the jury commissioners as the law directs, the venire for the week should be quashed. Following White v. State, decided February 24, 1904, 45 Texas Crim, Rep., 597.

**3.—Same—Orders of Court Not Evidence.**

The orders of the commisisoners court that defendant had been ordered by said court to open the dam obstructing the public road alleged to have been obstructed by him prior to said orders are not admissible in evidence except to show knowledge of such obstruction.

Appeal from the County Court of Parker. Tried below before Hon. D. M. Alexander.

Appeal from a conviction for obstructing a public road; penalty, a fine of $5.

No statement is necessary.

*R. B. Hood* and *Sam Shadle,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of obstructing a public road, the penalty assessed being a fine of $5.

He insists that the court erred in refusing to quash the second count of the indictment. This count is as follows: * * * "The said I. B. Richardson, did then and there unlawfully and willfully injure and cause to be injured a certain public road and highway, to wit, the Peaster and Authon public road in said county, by then and there building and erecting a dam and levee along by the side of said public road, which said dam and levee obstructs a natural water course across said public road, and injures said public road by causing sand to accumulate in and upon and across said road, and said dam injures said road by causing water to collect and stand in and upon said road, and the said L. B. Richardson, though ordered to do so by the commissioners court of said county, has refused and failed to cut said dam," etc. This count was not submitted to the jury, but as the case is reversed we deem it proper to pass on appellant's contention, and hold that this second count of the indictment is correct and proper, and the court correctly overruled the motion.

Appellant complains the court erred in overruling his motion to quash the venire. This question was passed upon by us in White v. State (No. 2952), February 24, 1904, 45 Texas Crim. Rep., 597; holding that the court erred in not quashing the venire. However, our attention has been called to the case of Smith v. Bates, 28 S. W. Rep., 64. If we concede that this case is in point, supporting the State in its contention, yet we believe that the proper rule of construction was laid down by this court in the White case, supra.

Appellant insists that the court erred in admitting in evidence the records of the commissioners court as to the orders of said court that defendant had been ordered by said court to open the dam or levee, because a disobedience of the orders of said court would only be a contempt of said court, and would throw no light upon this transaction, when subsequent thereto; and as only calculated to and did prejudice the rights of defendant. The court appends the following explanation to the bill: "I thought this evidence was admissible upon the question of defendant's intent, and the first order was held up at his request and the second made when he was personally present in court." This prosecution was predicated upon obstructions placed by appellant prior to the orders of the commissioners court, and the orders of the commissioners court subsequent to that time could in no sense bind appellant. If there had been any issue as to whether or not appellant knew the obstructions were placed as charged, it might become admissible to prove that he pro-

tested against their removal before the commissioners courť in order to bring knowledge home to him of the fact that he had obstructed. But the record before us shows no such condition. He admitted thåt he placed the obstructions. The State's testimony clearly shows it. Hence there was no isue 'of the character suggested. This testimony is clearly inadmissible. Hatfield v. State, 4 Texas Ct. Rep., 445; McMillan v. State, 8 Texas Ct. Rep., 872.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*