KLEIN v. STAHL et al. (No. 6038.)

(Court of Civil Appeals of Texas. Austin. Jan. 14, 1920. Rehearing Denied March 17, 1920.)

1. EVIDENCE ⊚⟳271(19)—SELF-SERVING LETTER NOT ADMISSIBLE.

Where plaintiff's attorney as a witness was asked by defendant his reason for changing the nature of plaintiff's suit from one of rescission to one for damages, and he answered that it was because plaintiff was unable financially to pay mortgages becoming due on the property, it was error to further permit plaintiff's attorney to introduce in evidence a letter written by him to defendant's counsel, explaining the reason for the change and self-serving declarations.

2. EVIDENCE ⊚⟳153—RIGHT TO PROVE DEATH OF WIFE DID NOT INCLUDE RIGHT TO GO INTO PARTICULARS.

In an action for damages for fraud in the sale of land, assuming that plaintiff had the right to prove that his wife was dead at the time of the trial, so that the jury might understand why she was not produced as a witness, he had no right to go into the particulars concerning her death and burial, and as a result thereof manifest such grief and distress as was calculated to arouse the sympathy of the jury.

3. EVIDENCE ⊚⟳99—PROOF OF MATTERS TENDING TO AROUSE SYMPATHY ERRONEOUS.

Assuming that defendant's counsel had no right to ask plaintiff whether or not he had inherited money and invested it in land, when plaintiff answered that he had not invested the same in land, he was not entitled to follow it up with the further statement that he had used it to pay for a tombstone and other funeral expenses of his deceased wife, so as to arouse the sympathy of the jury.

4. TRIAL ⊚⟳234(1)—NO ISSUE CONCERNING EVIDENTIAL FACTS SHOULD BE SUBMITTED TO JURY.

In an action for fraud in sale of land, an instruction requiring the jury, in order to find for plaintiff, to find that the defendant represented to the plaintiff that he was a true and tried friend of the plaintiff and had superior knowledge of property values, etc., was erroneous, as submitting to the jury as issues merely evidential facts.

5. APPEAL AND ERROR ⊚⟳1033(5)—NO COMPLAINT OF TOO FAVORABLE INSTRUCTIONS.

Defendant cannot complain that the court's charge required the jury to find in favor of the plaintiff mere evidential facts as well as the material issues.

⊚⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. FRAUD ⬚=56—EVIDENCE OF PRIOR RELATIONS COMPETENT TO SHOW RELIANCE ON REPRESENTATION.**

To prove that he relied on defendant's false representations concerning property taken in trade, it was permissible for plaintiff to testify concerning their friendly relations and business dealings.

Appeal from District Court, McLennan County; George N. Denton, Judge.

Suit by William G. Stahl and another against Edward S. Klein. From a judgment for the named plaintiff, defendant appeals. Reversed and remanded.

Scott & Ross, of Waco, for appellant.
W. E. Spell, of Waco, for appellees.

KEY, C. J. As originally instituted, this suit was an action by Wm. G. Stahl and his wife, as plaintiffs, against Edward S. Klein, as defendant, in which the plaintiffs sought to rescind the sale by them of certain farm property to the defendant. Thereafter Mrs. Stahl died, and Wm. G. Stahl filed an amended petition, alleging that fact and making himself sole plaintiff, abandoning his claim for rescission, and seeking to recover the difference in the value of the property sold by him and his wife to the defendant Klein, and the value of certain property received by them from Klein, as the consideration paid for the property they had conveyed to Klein.

The petition referred to is voluminous, and it will suffice to say that it constituted action for damages based upon fraud and deceit, the particular acts of fraud consisting in misrepresentations as to the value of the lots in the city of Waco, and concerning a stream which crosses them. The lots referred to were conveyed by the defendant to the plaintiff in exchange for the farm property conveyed by the plaintiff and his wife to the defendant. The plaintiff alleged that the measure of his damage was the difference in value of the two properties, which he alleged amounted to $16,000. His petition contained averments concerning other alleged false and fraudulent representations, but the gist of his cause of action consists in the averment that he and his wife were misled and deceived by false and fraudulent representations made by the defendant concerning the value of the property received by them from the defendant, and the stream which crosses it, as the consideration for the sale of their property to him.

The defendant's answer contained numerous exceptions to the plaintiff's petition, a general denial, and a special plea alleging that the plaintiff made an independent investigation concerning the property, and relied upon his own judgment, and not upon any representations made by the defendant; also, that after ascertaining all the facts, the plaintiff ratified the transaction and is therefore estopped from claiming either rescission or damages.

There was a jury trial, which resulted in a verdict and judgment for the plaintiff for $4,000, and the defendant has appealed. The case is presented in this court on over 50 assignments of error, and the brief of each party contains over 100 printed pages. It is neither necessary nor practical for this court to discuss in detail the various assignments of error, and it is now and here stated that those which are not discussed or adverted to may be considered as overruled.

[1] We sustain the thirty-sixth assignment of error, which complains of the action of the trial court in admitting in evidence, over appellant's objection, the following letter written by plaintiff's attorney to the defendant's attorney:

"Waco, Texas, September 16, 1914.
"Wm. G. Stahl v. Edw. S. Klein. In the District Court, McLennan County, Texas.
"Mr. S. P. Ross, Waco, Texas—Dear Sir: Some days ago the Union Central Life Insurance Company forwarded a notice to Mr. Wm. G. Stahl, plaintiff in above cause, to the effect that an installment of interest on a loan on the two small tracts of land that Stahl acquired from Klein and another party some years ago, which is involved in above cause, is past due, same amounting to $120, and another notice from the same company stated that another loan held by said company, secured by deed of trust on the land involved in above cause, would be due on October 1st, the same amounting to $160.
"In view of the fact that the trade between Mr. Klein and Mr. Stahl, involved in this litigation, was of such a nature that it reduced Mr. Stahl financially to an extent that he is unable to meet these installments of interest, he finds it necessary to abandon that feature of his cause of action which seeks to rescind the trade, and will prosecute the case only under the allegations of fraud and deceit, and seek to recover the difference between the value of the city property and the farm lands in question.
"Therefore I write you this in order that you may understand exactly Mr. Stahl's situation, and that Mr. Klein may proceed to pay off and discharge the obligations against the property in accordance with his original agreement with the Stahls and to protect his interest in the said farm lands.
"The plaintiff's petition will be amended at the earliest opportunity, and the rescind feature of the trade abandoned, the injunction abandoned, and suit prosecuted as aforesaid, and you may regard this as an absolute abandonment of the injunction feature and rescission feature.
"Yours very truly,    W. E. Spell."

Appellant objected to the letter as irrelevant, immaterial, prejudicial, and hearsay and as a self-serving declaration made by the plaintiff's attorney when he was not under oath, etc.

In reply to appellant's presentation of that

assignment of error, appellees' counsel do not contend, and they could not successfully maintain, that the letter was admissible in and of itself, and regardless of the circumstances under which it was offered. They contend that while plaintiff's witness, Judge Spell, was on cross-examination, the defendant's attorney questioned him with reference to the letter, and therefore the plaintiff was entitled to read the letter to the jury. The trial judge qualified the bill of exception, by stating that while, as an original proposition, he did not regard the letter as admissible, he would admit it because the defendant's attorney had asked the witness, who was the plaintiff's attorney, what were his reasons for changing his suit from action for rescission to one for damages.

As a matter of fact, the record does not show that the defendant's counsel asked Judge Spell to give his reasons for changing the nature of the plaintiff's suit; but it does show that the witness was asked if he did not originally bring the suit for rescission, or to trade back, and he answered, "Yes," and was then asked by the defendant's counsel if he still wanted to trade back, and the witness said, "Well, I can tell the jury the reason why," and proceeded as follows:

"At the time I originally instituted the suit, I did ask for a rescission of the property and injunction to enjoin Mr. Klein in selling the farms. Shortly after that some of the interest payments upon the land—upon the farm—fell due. Mr. Stahl was wholly unable to meet it. His financial condition had been reduced to the extent that he could not do it."

And thereupon, over the objection of defendant, the letter in question was read to the jury. If it be conceded, which the record does not show, that the defendant's counsel asked Judge Spell to state his reason for changing the nature of the suit, the quotation from his testimony just set out shows that he did so, which rendered it wholly unnecessary to put in evidence the letter which he had formerly written to the defendant's attorney, and which letter contains unsworn and self-serving statements, prejudicial to the defendant. Hence we hold that the court committed error when it admitted the letter in evidence.

By several assignments of error, appellant complains of the action of the trial court in permitting the plaintiff to prove to the jury that his wife was dead, when and where she died, where she was buried, and that he used certain money which he had inherited to pay for her funeral expenses and a headstone placed at her grave.

[2, 3] In qualifying the bills of exception, the trial judge stated that he permitted the plaintiff to prove that his wife was dead, because she was originally a party plaintiff to this suit; that he permitted him to prove when and where she died, where she was buried, and that he used the money inherited by him to pay her funeral expenses and for a headstone for her grave, because the defendant's counsel had asked the plaintiff if he had not inherited money and invested it in land. One of the bills shows that, while the plaintiff was testifying concerning the death and burial of his wife at their old home in Ft. Dodge, Iowa, he wept. If it be conceded that the plaintiff had the right to prove that his wife was dead at the time of the trial, in order that the jury might understand why she was not produced as a witness, he had no right to go into the particulars concerning her death and burial, and as a result thereof manifest such grief and distress as was calculated to arouse the sympathy of the jury. It may be conceded that the defendant's counsel had no right to ask the plaintiff whether or not he had inherited money and invested it in land. If that question had been objected to as immaterial, we assume that the court would have sustained the objection; but when the plaintiff answered that he had not invested the same in land, he was not entitled to follow that up with the further statement that he had used it to pay for the tombstone and other funeral expenses of his deceased wife.

[4, 5] Several assignments complain of the court's charge to the jury, and of the refusal to give requested instructions. The paragraph of the court's charge affirmatively submitting the plaintiff's theory to the jury is subject to criticism, because it submitted and required the jury to find in favor of the plaintiff in reference thereto a number of evidential facts which did not constitute any part of the plaintiff's cause of action. For instance, it required the jury to find that the defendant represented to the plaintiff that he was the true and tried friend of the plaintiff and his wife, and had superior knowledge of property values in the city of Waco, and of farm land values, such as the property of the plaintiff, etc.; whereas, while the plaintiff alleged those facts in his petition, and while he had the right to prove them as circumstances tending to show that he relied upon the representations which constitute his cause of action, no issue should have been submitted to the jury concerning those evidential facts. As said before, the gist of plaintiff's cause of action was that the plaintiff had misled and deceived him and his wife, by representing to them that the stream which ran through the lots he conveyed to them in exchange for their property was not Waco creek, and did not overflow, and that the lots referred to were worth more than the farm property for which the defendant offered to exchange them, and that such representations were false, and were material, and that he relied upon them, etc. But as the court's charge required a

finding by the jury in favor of the plaintiff on the immaterial as well as the material issues submitted, it contained no error of which the defendant can complain, except that it did not submit to the jury the materiality of the issues submitted, and error is assigned upon the action of the court in refusing to give a requested instruction which would have cured that omission. We think the materiality of the facts alleged which constitute the plaintiff's cause of action, and especially the allegations concerning the stream or branch which crosses the lots, was a question of fact which should have been submitted to the jury.

[6] Over appellant's objection, the court permitted the plaintiff to introduce in evidence several letters written by the defendant to the plaintiff, and relating to other transactions and other property in no wise involved in this suit. The plaintiff did not allege, nor seek to prove, that the defendant was guilty of any deceit or wrongdoing concerning the transactions referred to, and yet the court permitted him, over the objection of defendant, not only to introduce in evidence the letters referred to, but to testify in detail concerning the property and transactions by which he sold the property to the defendant and acquired from him one of the farms involved in this litigation. The plaintiff bought the other farm from another party, but it seems that the defendant, who is a real estate broker, negotiated the trade. As said before, no fraud or wrongdoing was charged against the defendant in reference to those matters, and the evidence referred to, and especially nearly all that was in the letters, seem to be wholly immaterial to any issue involved in this case. It is true that in the letters the defendant addressed the plaintiff as "Dear Friend," and signed himself as "Your friend," and also professed to be very much interested in the welfare of the plaintiff and his wife, and very desirous to get them to leave their home and property in Port Arthur, and locate in or near Waco. In order to prove that the plaintiff relied upon defendant's statements and representations concerning the property he traded to him in exchange for the plaintiff's farm land, it was permissible for the plaintiff to testify concerning the relations existing between them; to state how long he had known the defendant, and that he had had business dealings with him; that the defendant had always professed to be his friend, and to be very solicitous for the welfare of himself and his wife; but in order to prove those facts it was not necessary to place before the jury such a mass of testimony as is disclosed by the record, in reference to former business transactions between the parties, and upon another trial we suggest that much of the testimony complained of be eliminated.

While the case might not have been reversed upon some of the points referred to, considering them all together, we think appellant is entitled to a new trial, and therefore the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.