**HILL & HILL TRUCK LINE, Inc. v. VAN SCHOUBROEK.**

**No. 12193.**

Court of Civil Appeals of Texas. Galveston.

July 20, 1950.

Vinson, Elkins & Weems, of Houston, and Masterson & Pope, Alex Pope, Jr., and Fred L. Williams, Jr., all of Angleton, for appellant.

Harrison & Wellborn, of Alvin, and Helm & Jones, John L. Hill and W. J. Kronzer, Jr., all of Houston, for appellee.

CODY, Justice.

This was a personal injury suit by appellee against appellant to recover the damages alleged to have resulted from a collision between an automobile in which appellee was riding, and a truck owned by, and then being operated by an employee of appellant. Appellee alleged that the collision was proximately caused by various acts and omissions constituting negligence, for which appellant was liable. Based upon the answers to thirty-two special issues which were submitted to the jury, the court rendered judgment on November 21, 1949, for appellee against appellant for the principal sum of $25,000, for interest, and costs.

More specifically, of the thirty-two special issues on which the case was submitted to the jury, those numbered 1-18, and 32 were "plaintiff's issues". The jury found, in answer to "plaintiff's issues", so far as is here material:

(1) That the truck driver was driving at an excessive speed; (3) that he did not maintain proper control of his truck; (5) that he did not keep a proper lookout; (7) that he did not make a proper application of his brakes; (9) that he failed to maintain a safe and proper distance behind appellee's car; (11) that he was following too closely; (13-17) that the truck driver discovered appellee in a perilous position in time to have avoided the collision, etc. The jury also found the various acts of negligence were proximate causes of "the collision of January 11, 1949." The damages issue was special issue No. 32, and inquired, "What sum of money, if any, if now paid in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate the plaintiff for such damages, if any, as were directly and proximately caused by or will in reasonable probability be directly and proximately caused in the future as the direct and proximate result of the collision· of January 11, 1949, and made the basis of this suit, if you so find, taking into account such of the following elements which you find established by a preponderance of the evidence, and none other: * * *". The jury answered this last special issue, "$25,000".

Appellant predicates its appeal upon five points, each of which, except the fifth, asserts that the court committed an error in practice which requires that the judgment be reversed, and the cause remanded. It is, therefore, unnecessary to make a more detailed statement of the facts at this place. Appellant has grouped its first three points for presentation, and they are in substance:

1. The court should have submitted the controverted and controlling issue of whether appellee's alleged injuries "were sustained in the collision which was made the basis of appellee's suit."

2. The court erred in failing to place the burden of proof on appellee with respect to the controlling issue of "whether the injuries for which appellee seeks recovery were sustained in the collision which was made the basis of appellee's suit."

3. The court erred by commenting in its charge upon the weight of the evidence with respect to the controlling issue "whether the injuries for which appellee seeks recovery were sustained in the collision which was made the basis of appellee's suit."

Appellant seasonably objected to the court's charge, that it omitted a controlling issue, namely, whether or not the injuries complained of by appellee were proximately caused by any act or omission of appellant. Appellant also seasonably objected to special issue No. 32 that the same, by inquiry as to the amount of money necessary to compensate appellee for damages suffered in the accident constituted a finding by the court that the injuries complained of by appellee were caused in the accident.

We overrule appellant's points 1-3. The gist of appellee's suit is embraced in this language of his petition: "The collision made the basis of this suit was proximately caused by the carelessness and recklessness of the truck driver of the defendant. As a result of the collision, your plaintiff was caused to suffer serious bodily injuries, which will be described hereinafter." The balance of appellee's petition is but an enlargement on what we have called its "gist."

The case was submitted to the jury in this order: First were the issues as to the liability of appellant for the occurrence of the collision. These were "plaintiff's issues" 1-18. Next in order, the court submitted the defensive issues, 19-31. The court then submitted an issue made by that part of plaintiff's petition, which we have quoted above as forming a part of the gist of plaintiff's suit, in these words: "As a result of the collision, your plaintiff was caused to suffer serious bodily injuries, * * *". The issue which was thus raised by plaintiff's pleadings, and evidence in support thereof, was submitted as special issue No. 32, the damages issue. It will be noted that the question of causation is thoroughly embraced in the issue as submitted, and is carefully limited to the elements therein specified. The issue is in standard form, except that it goes further than the damages issue which was submit-

ted in J. H. Robinson Truck Lines v. Ragan, Tex.Civ.App., 204 S.W.2d 662, 663, and eliminates the question which was raised in the cited case.

It is the position of appellant that appellee did not make out his case as to liability by showing that the negligence of appellant's truck driver proximately caused the collision. And, as we further understand appellant's position, it is that appellee is not entitled to have submitted to the jury in one special issue the amount of damages, if any, *caused* by the collision. But to make clearer its position, we quote from appellant's brief: "He (appellee) must show that such negligence proximately caused the injuries for which recovery is sought. Specifically in this case, under the pleadings and evidence appellee must establish that some negligent act or omission of appellant's employee proximately caused the herniated nucleus pulposus and/or the ruptured knee cartilage from which appellee claimed to be suffering at the time of the trial. There was in this case no finding by the jury that appellee received a herniated nucleus pulposus and/or ruptured knee cartilage in the collision, or as the proximate result of any negligent action or omissions of appellant's employee."

The law was here concerned with the injury or hurt, if any, sustained by appellee as would, under the pleadings and proof, support a verdict for damages. And, as indicated, appellee pled the liability of appellant for the collision in the usual way, and pled in the usual way that as a result of the collision he suffered damages. The question of liability for the collision, and the question of causation of damages, and the limitations thereon, were presented in the usual way. Whether or not appellant might, had it taken steps to do so, have required the jury to return a verdict which would exhibit a bill of particulars, specifying the portions of the body hurt, instead of finding the monetary equivalent in damages, we need not inquire.

Appellant's fourth point complains of the court's order overruling its motion for continuance. Appellant's original motion for new trial did not include this as a ground for a new trial. And its amended motion for new trial, which did include such ground, was not filed within twenty days of the filing of the original motion for new trial. The 130th District Court of Brazoria County comes within Rule 330, Texas Rules of Civil Procedure. By Subsection "(k)" of Rule 330, an amendment to a motion for a new trial filed after twenty full days from the date of the filing of the original motion for new trial is a nullity. See Traders & General Insurance Company v. Scott, Tex. Civ.App., 189 S.W.2d 663, and cases therein cited. Appellant's fourth point is overruled.

By its fifth point, appellant complains that the award of $25,000 is so grossly excessive it should not be allowed to stand. In passing upon whether a verdict for damages is grossly excessive, the evidence in support of the award must be viewed, of course, in the light most favorable to the award.

Here the appellee was thirty-three years old, was married and had two children. Appellee suffered painfully when the collision occurred. He was carried from the scene of the accident to the hospital in an ambulance. He has missed about thirty-five days from work since the accident happened. He was making between $250-$300 per month working for the Texas Company before the accident. Since the accident he has been working for the Texas Company, making about $250 per month. The work he is now doing is lighter than formerly. It is thought by his physicians that aspirin, heat and massage is an adequate remedy for the pain suffered by appellee. There was medical evidence from which the jury could have inferred that appellee had suffered a fifty-per-cent disability.

This court has had frequent occasion to pass on the question of the exces-

siveness of verdicts. In Industrial Fabricating Co. v. Christopher, Tex.Civ.App., 220 S.W.2d 281, 290, we quoted a ruling made by the Supreme Court while it yet had jurisdiction to exercise this rather perplexing and vexing function. As there stated, the jury is expected to act uninfluenced by passion, prejudice or partiality, and pay due regard to the ascertained facts and conditions surrounding the subject. "When it appears to the court that they have disregarded these requirements, their verdict should be set aside." It does not appear to the court that a jury has disregarded these requirements, merely · because it has awarded greater compensation for the actual damages than the court would have awarded. But if the excess of compensation awarded for actual damages is so high as to amount to an award of punitive damages under the guise of compensatory damages, then there is no alternative but to conclude that the jury disregarded the requirements.

Prior to the enactment of the statute which has been replaced by Rule 440, the appellate court's duty with respect to excessive verdicts was comparatively simple, for the duty of the court ended when it found reversible excessiveness. It is not here clear to us that the verdict is so grossly excessive as to require the judgment to be reversed for that reason only. Before this court has the authority to reverse for excessiveness, it must determine the extent of the excessiveness, and that is a truly difficult function to exercise. In order to determine the extent of the excessiveness, it must first be determined the highest award which would not require reversal for excessiveness. Appellant has not suggested any figure by which the judgment is excessive. We have reached the conclusion that the verdict for $25,000 is not so excessive as to show, in and of itself, that it was awarded for some improper motive, such as a purpose to award punitive damages. We overrule appellant's fifth point. The judgment should be affirmed, and it is so ordered.

Judgment is affirmed.