### GOLDSTON et al. v. WIEGHAT et al.
### No. 12319.

Court of Civil Appeals of Texas.
Galveston.

Oct. 18, 1951.

Rehearing Denied Nov. 8, 1951.

George G. Roane, Rosenberg, Fulbright, Crooker, Freeman & Bates, W. N. Arnold, Jr., Russell Talbott and Austin C. Wilson, all of Houston for appellants, W. L. Goldston, W. J. Goldston, R. A. Welch, Mound Co. and Fidelity Oil & Royalty Co., Houston, Texas.

F. Warren Hicks, of Houston, atty. for appellant J. B. Cutbirth.

W. G. Walley, Jr., Beaumont and L. F. Hardin, Rosenberg (W. G. Walley, Jr., Beaumont, of counsel) for appellees.

MONTEITH, Chief Justice.

This is an appeal from an order of the District Court of Fort Bend County overruling a plea of privilege in an action brought by appellees, the surviving widow and children of Willie Henry Wieghat, deceased, against W. L. Goldston and others seeking recovery of damages alleged to have been sustained by them as a result of the alleged negligent construction and maintenance by appellants of a pipe line for the transportation of inflammable gas across a public highway in Fort Bend County, Texas, which caused the death of Willie Henry Wieghat.

Appellants filed their plea of privilege to have said suit maintained in Harris County, the alleged county of their residence.

In due time appellees filed their controverting affidavit in which they claimed venue in Fort Bend County under Subdivision 9 of Art. 1995 Revised Civil Statutes of 1925, Vernon's Ann.Civ.St. art. 1995, subd. 9.

Upon a hearing on the allegations of the plea of privilege and appellees' controverting affidavit before the Court without a jury, appellants' plea of privilege was overruled.

No findings of fact or conclusions of law were requested by the parties or filed by the trial court.

Appellees alleged that Mr. Wieghat was employed by Fort Bend County as the operator of a road maintainer and that on October 25, 1950, while operating his machine in the ditches of a Fort Bend County road gas from a pipe line owned and operated by appellants which crossed the public road upon which he was working became ignited and burned Mr. Wieghat and the maintainer operated by him, and that he died on October 27, 1950, from the injuries thus sustained.

Appellees contended that appellants had committed a crime in Fort Bend County within the purview of the "crime or trespass" exception of the venue statute, Art. 1995, Subdivision 9, by causing a pipe line to be constructed across a public highway at a depth of less than seven inches below the surface of the lowest point of the bar ditches thereof in violation of Art. 784 of the Penal Code of Texas. They alleged in the alternative that, if they were mistaken in their allegations that the death of Willie Henry Wieghat was the result of said actions of appellants, that then the numerous wrongful acts on the part of appellants had constituted a public nuisance which caused the injuries claimed by them.

It is undisputed in the record that appellants had developed certain wells in Fort Bend County for the production of natural gas on leases owned by them and that they had constructed a gathering line from these wells to the gas pipe line of the United Gas Corporation some distance north of their production, including the gas line involved in this suit. In order to connect the pipe line from appellants' leases with the United Gas Corporation's line, the gas lines, including the gas line involved in this action, were necessarily laid across public roads in Fort Bend County.

Appellant, W. L. Goldston, testified that he had made the contract for the construction of said pipe lines under a verbal contract with the Oilfield Salvage Company under what he termed a "turnkey contract" and that the Oilfield Salvage Company had attended to the marking of the pipe line across the public highways; that his instruction to them was that they should lay the line across the fields 18 inches from the top of the line to 18 inches below the level of the ground; that appellants did not have permits to cross the county roads but that they had authorized the Oilfield Salvage Company to get their own permits for crossing any highways and to

meet the requirements of the Commissioners for their construction over those highways; and that neither he nor his associates had talked with the members of the Commissioners Court of Fort Bend County about the matter. On October 25, 1950, Willie Henry Wieghat, who was employed as a road maintainer operator for Fort Bend County under the direction of the County Commissioners, began working the bar ditches of the public road on which the explosion occurred. He followed another maintainer that was cutting into the ditches to "shove up" the dirt and debris taken from the ditches by the first maintainer. An explosion occurred as a result of a cut in appellants' pipe line in a ditch where he was working with his maintainer. He sustained third degree burns as a result of the explosion and fire and died two days later.

■ Subdivision 9 of Art. 1995 of the Revised Civil Statutes of 1925 reads "Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, whether committed by the defendant or by his agent or representative, or in the county where the defendant has his domicile."

The term "trespass", as that term is used in the above statute relating to the venue of actions, is intended to embrace only actions for such injuries as result from affirmative acts or wrongful acts wilfully or negligently committed and not those injuries which result from a mere omission to perform a duty. J. H. Robinson Truck Lines v. Jones et al., Tex.Civ.App., 139 S.W.2d 127, and authorities there cited.

■ Art. 784 of the Penal Code reads: "Whoever shall wilfully obstruct or injure or cause to be obstructed or injured in any manner whatsoever any public road or highway * * *, within this State, shall be fined not exceeding two hundred dollars."

In a discussion of what constitutes an obstruction of a public road, it is said in 21 Tex.Jur., Section 209, page 723, that "* * * Any narrowing of the road to less than its legal width is an obstruction, and any obstruction that interferes with the road in the sense of making it less convenient for travel is an offense. However, the convenience of the public is not the sole test, for any permanent interference with the public right is an obstruction, although, regarded physically, the defendant has not in fact obstructed public travel. Thus a conviction was affirmed where the obstruction consisted of cutting the roadway, putting a culvert across it, and leaving the road in a condition not as good as before. * * *". Citing Brown v. State, 73 Tex.Cr.R. 571, 166 S.W. 508.

In the case of Richardson v. State, 46 Tex.Cr.R. 83, 79 S.W. 536, the appellate court, in sustaining the action of a trial court in overruling defendant's motion to quash a count of an indictment charging him with building a dam and levee alongside the road, which collected water on the road, held in effect that an offense was committed whether the act was committed in or away from the road so long as there was an interference with the public rights in the roadway. The court held that the Legislature evidently intended that the words "obstruct" and "injure" be taken as synonymous terms.

In the case of El Paso Electric Company v. Leeper, Tex.Civ.App., 42 S.W.2d 863, 866, reversed on other grounds, Tex. Com.App., 60 S.W.2d 187, it was held that "In 29 C.J., under the subject of what constitutes obstructions to highways, p. 616 et seq., it is said one is not justified in obstructing a highway because he leaves sufficient room for the passage of the public and refers to many cases in note, including Kelley v. State, 46 Tex.Cr.R. 23, 80 S.W. 382. It is there said that the same is true of any object placed close to the roadway constituting a present source of danger."

■ While it was formerly held to be the established rule that the commission of an offense by an agent was not sufficient to permit suit to be maintained in the county where the offense was committed, outside the residence of the principal, unless facts could be established rendering the principal guilty as a principal accomplice necessary to the crime, under the present wording of Subdivision 9, it is held that if the

agent or representative is found to have committed an offense in the course of his employment, venue is fixed in the county where the offense was committed or in the county of the principal's residence regardless of whether the principal "aided and abetted" or even knew nothing of the act. Safety Convoy Co. et al. v. Potts, Tex.Civ. App., 214 S.W.2d 680.

Under their alternative plea that the laying of appellants' pipe line across the public road constituted the creation of continued public nuisance which proximately caused appellees' damages, appellees rely on the case of Hill v. Kimball, 76 Tex. 210, 13 S.W. 59, 7 L.R.A. 618, in which the Supreme Court of this State held that the word "trespass" as used therein embraces any violation of law, that in its most restricted sense it signifies an injury intentionally inflicted by force either upon the person or property of another which was the result of negligence of the wrongdoer.

In the case of Houston Pilots et al. v. Goodwin, Tex.Civ.App., 178 S.W.2d 308, it was held by this Court that if plaintiffs' action is grounded on affirmative acts of a defendant which would have sustained action on the case at common law, the case is one within the purview of the trespass exception to the venue statute.

The cases of Jacksonville Ice & Electric Co. v. Moses, 63 Tex.Civ.App. 496, 134 S.W. 379, and Moore & Savage v. Kopplin, Tex.Civ.App., 135 S.W. 1033, are in accord with the rules announced in the foregoing cases.

■ This case was tried before the Court without a jury and since no findings of fact or conclusions of law were requested by the parties or filed by the trial court, every disputed issue raised by the testimony, including the acts alleged and relied upon by appellees as being in violation of Art. 784 of the Penal Code as a basis upon which to plant the charge of a crime or trespass against appellants, must be resolved in support of the judgment rendered. Therefore, it must be assumed that the trial court found that appellants were guilty of obstructing the public road in question in violation of said Art. 784 and that appellants committed such a crime or offense as would entitle appellees to maintain the venue of the suit in Fort Bend County under Subdivision 9 of said Art. 1995, and that Willie Henry Wieghat was operating the maintainer at the time it struck the pipe line in question and that, at the time of the accident in question, the exclusive possession of, control and dominion over, the pipe line in question was in appellants.

Appellants' contention that the undisputed evidence shows that, at the time of the accident in question, the exclusive possession of, and control and dominion over, the pipe line in question was in the Goldston Oil Corporation, which was not a party to this law suit and that neither the appellants collectively, nor any of them, could possibly have committed a crime, offense or trespass which would entitle appellees to maintain venue in Fort Bend County under Subdivision 9 of said Art. 1995, cannot, we think, be sustained.

■ Appellants' contract, which makes Goldston Oil Corporation the operator of the gas wells in question, constitutes it a joint tort-feasor and, therefore, not a necessary or indispensable party to the suit.

■ It follows, we think, that sufficient facts were introduced by appellees to support the presumed findings of the trial court that the fatal injuries sustained by Willie Henry Wieghat were proximately caused by acts of appellants, their agents or representatives, and that such acts amounted to such a crime or trespass under the applicable law as would justify the trial court's presumed findings that appellants caused to be obstructed or injured the public road involved in the violation of Art. 784 Penal Code of Texas, and that appellants created a public nuisance in causing their gas pipe lines to be laid across the public roads, which proximately caused the alleged damage to appellees and the fatal injuries suffered by Willie Henry Wieghat.

We have carefully considered all other points of error presented by appellants in their brief and, finding no reversible error, judgment of the trial court overruling appellants' plea of privilege is affirmed.