## ALEXANDER et al. v. SMITH et ux.

### No. 4986.

Court of Civil Appeals of Texas.

El Paso.

Feb. 10, 1954.

Rehearing Denied March 10, 1954.

Leachman, Matthews & Gardere, Robertson, Jackson, Payne, Lancaster & Walker, Dallas, for appellants.

Justice, Justice & Rowan, Athens, for appellees.

McGILL, Justice.

This is an appeal from an order of the District Court of Henderson County overruling appellants' separate pleas of privilege.

Appellees filed this suit as plaintiffs against appellants as defendants. The original defendants were Scurlock Oil Company, a corporation, alleged to have its principal office and place of business in Tyler, Smith County; Snowden & Sellars, Inc., a corporation, alleged to have

its principal office and place of business in Tyler, Smith County; L. P. Alexander, alleged to reside in Taylor County, and L. P. Alexander d/b/a Alexander Trucking Company, of Taylor County. However, the suit was dismissed as to Scurlock Oil Company. The other defendants filed separate pleas of privilege to be sued in the respective counties of their residence. These pleas complied with Rule 86 T.R.C.P. The plaintiffs by their controverting plea sought to maintain venue in Henderson County under Subdivision 9 of Art. 1995, Vernon's Ann.Civ.St. Trial was to the court with the result indicated.

Prior to and at the time of the accident appellants were engaged in hauling oil over Highway 274, a farm to market highway running through Henderson County. Plaintiffs alleged that defendants knowingly and willfully permitted oil to leak from the tanks on their trucks onto the highway; that the oil severely damaged same and rendered it unsafe for public travel, thereby violating Art. 784, Vernon's Ann.P.C.; that on December 29, 1951, the plaintiff Mrs. Eddie B. Smith was driving her 1948 Chevrolet two-door sedan over Highway 274 and that as she proceeded along said highway at a speed of from forty to forty-five miles per hour she overtook a car driving very slowly along the highway and undertook to drive around same, and that when she pulled from her right side to the left side of the road to pass said car her car went into a skid and out of control and kept skidding and she went into a ditch and turned over as a result of which her automobile was completely destroyed and she received painful and serious personal injuries; that defendants' conduct in having permitted oil to spread over the road was the direct and proximate cause of her automobile turning over, and of her injuries, and that defendants were guilty of negligence in continuing to use and operate the trucks upon and over the highway after they had discovered the tanks' leaky condition. That the accident occurred in Henderson County.

The court filed findings of fact and conclusions of law. The material portions of the findings of fact which are here involved are:

"2. The tanks on the trucks used by such defendants to transport said oil were in a leaky condition. Said tanks constantly leaked oil while said trucks traveled the route above specified. The right or west side of the road, going from Mabank to Flag Lake Pump Station, was completely covered and saturated with a coat of oil that leaked from the tanks or trucks operated by such defendants over said roads.

"3. Each and all of such above named defendants knowingly and willfully permitted oil to leak from the tanks of their respective trucks on said highway.

"4. The oil thus deposited on said highways severely damaged the same, in that it rendered said highways unsafe and unfit for public travel."

The court concluded that each of the defendants violated the provisions of Art. 784, Vernon's Ann.P.C., and thereby committed a crime or offense in Henderson County within the meaning of Subdivision 9, supra.

Appellants' points are that the court erred in overruling the pleas of privilege because (1) there is no evidence to sustain the court's finding that any of defendants committed a crime or offense in Henderson County; (2) there is not sufficient evidence to sustain such finding; (3) there is no evidence to sustain the finding that any of defendants committed a trespass in Henderson County; and (4) there is not sufficient evidence to sustain such finding.

Article 784, Vernon's Annotated Penal Code, provides:

"Art. 784, 812, 480, 405. Obstructing public road, street, etc.

"Whoever shall wilfully obstruct or injure or cause to be obstructed or injured in any manner whatsoever any public road or highway or any street or alley in any town or city,

or any public bridge or causeway, within this State, shall be fined not exceeding two hundred dollars. Acts 1860, p. 97; Acts 1913, p. 258."

Appellants seize upon the word "willfully" employed in the statute, and contend under points 1 and 2 that in order to establish that a crime or offense was committed by defendants or any of them in Henderson County it was incumbent upon plaintiffs to prove *beyond a reasonable doubt* each element of the crime or offense specified by the statute, citing Downs v. McCampbell, Tex.Civ.App., 203 S.W.2d 302; that one of the essential elements of the offense of obstructing or injuring a public highway under Art. 784 is that the injury must be willful, citing 21 Tex.Jur. p. 782, Sec. 203; that there is no evidence, or insufficient evidence to sustain the court's finding that the defendants or any of them willfully permitted oil to leak from the tanks of their respective trucks onto the highway.

Appellants rely on the testimony of William Cotton Anderson, who was plaintiffs' witness. He was at the time of the accident the foreman of Alexander Trucking Company and testified that it was part of his duty to inspect the trucks of the other defendants; that whenever he found a truck that was leaking he would put it out of service and have it fixed; that he did not willfully send anybody out to do anything on the highway that would hurt it; that he was the only one for Alexander that had anything to say about it. However, this same witness also testified that during the month of December 1951 the tanks on some of the Alexander Trucking Company's trucks were old and in bad condition and they kept overhauling them; that he had seen all of the trucks leaking, that he had himself found leaks about five or six times; that the truck drivers were supposed to report leaks to him but they did not always do so; that he traveled over farm to market highway No. 274 nearly every day during the month of December; that oil had gotten off on the road and it was more coated and was darker on the west side than on the east

side; that he told Snowden & Sellars trucks where to haul; that he told Alexander that the tanks on the trucks were in bad shape and needed repairing before and after December 1951; that he had seen some of the trucks leak on the highway at Flag Lake about three miles from Toole's store; that he went over the highway while the oil was being hauled almost every day.

Bruce Smith, a witness for plaintiffs, testified that during the month of December 1951 he saw evidence of oil being transported toward Flag Lake; that he had noticed some of the trucks leaking oil "well, every time one of them would stop, and every time you would get behind one of them going down the road you couldn't help from seeing it;" that the tanks on the trucks were in bad shape; that as a result of the trucks passing over that particular section of the highway the highway was in bad shape; that every morning it would sweat and you could hardly walk over there; that he had put his brakes on and would skid several yards; that the oil that dripped from the trucks caused the highway to be so slick; that the highway was in that condition on December 29, 1951; that he was traveling over the road at least once or twice a day in December 1951; that the hauling of oil continued day and night on a twenty-four hour basis; that the road was slick after they began hauling the oil.

The word "willful" or "willfully" has been defined as meaning that the act must have been committed

"with evil intent or legal malice *or without reasonable ground for believing the act to be lawful.*" (Emphasis ours.) Rose v. State, 19 Tex.App. 470 (sidewalk obstruction); Loyd v. State, 19 Tex.App. 321, (road obstruction); Shubert v. State, 16 Tex.App. 645, (road obstruction); Trice v. State, 17 Tex.App. 43, (road obstruction); Parsons v. State, 26 Tex.App. 192, 9 S.W. 490; Richardson v. State, 46 Tex.Cr.R. 83, 79 S.W. 536, (injury to highway); Elmore v. State, 126

Tex.Cr.R. 519, 73 S.W.2d 107; 12 Tex.Jur. p. 257, Sec. 34.

Since Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, and Thomas v. Meyer, Tex.Civ.App., 168 S.W.2d 681, there can be no doubt that plaintiffs were required to establish the venue facts on which they relied, by a preponderance of the evidence. One of the venue facts on which plaintiffs relied was the crime or offense specified by Art. 784, Penal Code; therefore plaintiffs were required to prove this fact as all other venue facts by a preponderance of evidence only, rather than by a reasonable doubt, as contended by appellants. It has been said that

"any obstruction that interferes with the road in the sense of making it less convenient for travel is an offense." Goldston v. Wieghat, Tex. Civ.App., 243 S.W.2d 404, 407; See also Richardson v. State, supra.

There can be no doubt, under the evidence, that the oil on the road made it less convenient for travel, nor can there be any substantial doubt that Anderson, the man who had the "say" whether the trucks should go out on the road, knew that the tanks were leaking oil on the road when they were used in transporting it. There is no evidence that Anderson had any reasonable grounds to believe that such action was lawful. We think the presumption (admittedly a violent one) that anyone is presumed to know the law, should be indulged, and that he knew it was unlawful. Therefore the evidence is sufficient to support the trial court's finding that defendants knowingly and willfully permitted oil to leak from the tanks on the trucks, and therefore to sustain venue in Henderson County on the ground that defendants by their agents committed a crime or offense in Henderson County. We think also the evidence was sufficient to sustain the court's conclusion that defendants committed a trespass in Henderson County within the meaning of subdivision 9. The finding is not only that defendants *permitted* oil to leak from the tanks on the highway, but that

"(2) Such tanks constantly leaked oil while said trucks traveled the route above specified."

The affirmative negligence is the driving trucks on the highway with leaky tanks the defendants' agent knowing that the tanks were leaking oil. This is equivalent to the operation of a defective vehicle on the highway with knowledge of the defect, which has been said to be a trespass within the meaning of Subdivision 9. See Banana Supply Co. v. Driskell, Tex.Civ.App., 250 S.W.2d 595, loc. cit. 599(8).

Appellants' points are overruled, and the judgment is affirmed.