**ARMSTRONG TIRE and RUBBER COM-
PANY et al., Appellants,**

v.

**H. J. SHEARER et al., Appellees.**

No. 12952.

Court of Civil Appeals of Texas.

San Antonio.

March 28, 1956.

Rehearing Denied May 9, 1956.

House, Mercer & House, San Antonio, for appellant.

Lieck & Lieck, Schlesinger, Goodstein & Semaan, San Antonio, for appellees.

POPE, Justice.

This is an appeal from a judgment in favor of H. J. Shearer and Jack Davis, for personal injuries they sustained when the automobile in which they were riding collided with the automobile driven by James A. Shults, an employee of Armstrong Tire and Rubber Company. Shearer and Davis, at the time of the collision, were passengers and guests in a Ford automobile driven by T. G. Brown, who is not a party to the suit. The collision occurred after dark. Davis was in the front seat to the right of the driver and Shearer was in the back seat, behind the driver. Brown was driving in a northerly direction on U. S. Highway 281, and turned left as he neared Ramsey Road which intersected the highway. Shults was driving a Packard in a southerly direction on Highway 281, and was approaching the Brown Ford. Shults, by the jury verdict, was driving at an excessive rate of speed, failed to keep a proper lookout, failed to have his vehicle under control, and those occurrences proximately caused the accident. The jury found that the plaintiffs were not guilty of contributory negligence. Defendants urge that the judgment for plaintiffs should be reversed, (1) because Shearer and Davis, as passengers, were contributorily negligent, as a matter of law, in failing to protest to Brown concerning his manner of driving, (2) because the trial court erred in denying defendants the right to cross-examine Davis, an attorney by profession, concerning his knowledge about the Texas statutory rules of the road, (3) because the damages are excessive, and (4) because the court admitted improper evidence.

We can not say, as a matter of law, that Shearer or Davis was negligent in failing to protest or warn the driver. The trial court properly submitted the matter of their negligence to the jury, and there is evidence which supports the findings. There is evidence that Brown was proceeding slowly, that the on-coming vehicle at a point about 300 feet from the intersection ran its right wheels off the pavement, but had time and space to regain and proceed safely along the pavement; that the on-coming vehicle continued about 300 feet along and off the highway and ran broadside into the Ford at a point on Ramsey Road, about 40 feet west of the highway; that there was nothing about Brown's driving, before or at the time of the collision, which prompted a warning or suggested he was in danger; that only an interval of from two to three seconds existed in which such warning could have been voiced, and that Brown at all times saw and knew the same conditions that the two guests saw. The Ford was hit at a place to the west of the highway, where one would not expect to be hit by an on-coming vehicle proceeding along Highway 281.

More dangerous conditions and circumstances than existed in this case have occasioned a denial of the contention that a guest-passenger is negligent as a matter of law for failing to protest. Dallas Railway and Terminal Company v. Bailey, 151 Tex. 359, 250 S.W.2d 379; Edmiston v. Texas & N. O. R. Co., 135 Tex. 67, 138 S.W.2d 526; Schumacher Co. v. Shooter, Tex.Com. App., 132 Tex. 560, 124 S.W.2d 857; Ford Motor Company v. Maddin, 124 Tex. 131, 76 S.W.2d 474.

The second important group of points upon which appellants rely for a reversal relate to the trial court's refusal to permit appellants to cross-examine plaintiff Davis concerning his knowledge of the statutory law. During cross-examination of Davis, defense counsel proved that Davis is

an attorney by profession, then handed him a law book and started to ask questions testing his actual knowledge about the law of the road. The purpose of the inquiry was to prove that Davis knew the law, that he knew that the driver was violating the law by turning too soon into the intersection, and by moving into the left or wrong lane before he was within 100 feet of the intersection. The cross-examiner directed Davis' attention to a specific article of the opened law book and then framed questions in the words of the statute. The trial court's exclusion of the evidence was proper for several reasons. An attorney is subject to the same duty as a non-lawyer. The jury takes its law from the court and not from the witnesses. McCormick and Ray, Texas Law of Evidence, § 83. All persons are presumed to know the law. Farmers' State Bank & Trust Co. v. Gorman Home Refinery, Tex.Com.App., 3 S.W.2d 65; Alexander v. Smith, Tex.Civ.App., 265 S.W.2d 258. For that reason actual knowledge or the absence of actual knowledge of the law is immaterial. Kasch v. Anton, Tex.Civ.App., 81 S.W.2d 1097. See, also, Daniel Lumber Company v. Settlemire, Tex.Civ.App., 256 S.W.2d 922.

■ Appellants argue that the awards of $12,000 to Davis and $30,000 to Shearer are excessive. Those amounts were found by the jury as plaintiffs' damages for mental and physical pain and suffering only. No claim was made for loss of earnings. Davis at the time of the accident was forty-six years old. He suffered severe injuries to his right arm and elbow. He had an operation upon his fractured elbow and another is recommended. He suffered about thirty per cent permanent loss of use of the right arm. His hand is numb to the extent that he can not use a typewriter or tools. Pain still continued at the time of trial. These facts and other evidence support the verdict, and we do not find it excessive.

Shearer suffered severely from the accident. He was unconscious for about five days. He had a broken back, three broken ribs and injury to his lungs. His hearing was impaired. He was confined to the hospital for more than a month. After leaving the hospital he wore a brace on his back. The proof shows that he has suffered and still suffers from headaches, sleeplessness, nervousness and at times is irrascible and emotionally disturbed. Shearer, as stated, sought no damages for loss of earnings, since his business continued. The verdict of the jury was entirely for mental and physical pain and suffering.

■■ In our opinion, the verdict is excessive. Mr. Shearer was sixty-eight years old when the accident occurred and his life expectancy is not great. See Thompson v. Goode, Tex.Civ.App., 221 S.W.2d 569, 573; Kimbriel Produce Co. v. Webster, Tex.Civ.App., 185 S.W.2d 198. It is not our function to substitute our opinion for the verdict of the jury, nor to disturb it in the absence of a showing that the jury was influenced by passion, prejudice or some other improper motive. Texas & N. O. R. Co. v. McGinnis, Tex.Civ.App., 81 S.W.2d 200, affirmed 130 Tex. 338, 109 S.W.2d 160; Hill & Hill Truck Line, Inc. v. Van Schoubroek, Tex.Civ.App., 233 S.W.2d 167. But when there is showing of such extraneous matter, one of the important considerations in determining whether the verdict is excessive is the size of the verdict, which in this case is high for pain and suffering over a short expectancy. World Oil Co. v. Hicks, 129 Tex. 297, 103 S.W.2d 962.

In passing upon the excessiveness, we must also discuss a separate point. During the trial, Shearer's counsel elicited testimony that after the accident Shearer had, on occasion, mistreated his wife. Counsel then asked whether Mrs. Shearer could walk. Objection and a motion to strike that question and the answer were made, but were overruled. The witness then volunteered a statement that Mrs. Shearer is confined to a wheelchair. Shearer's counsel stated, "Judge, we want it understood that we are not trying to seek any sympathy here, all we want is the jury instructed as to the condition of Mrs. Shearer with reference to the wheelchair, that it has no bearing on the issue except as it bears on

his conduct toward his wife in relation to his injuries." The court then stated: "Well, I will limit the interrogation to that purpose." Thereupon, defense counsel stated that a limit could not erase the damage that was done, and, out of the presence of the jury, moved for a mistrial because the evidence created a feeling of sympathy and prejudice. The court overruled that motion. Other than the statement by the court before the jury that he would limit the testimony, no direct instruction was given to the jury.. So long as the evidence was limited to proof that Shearer, following the accident, had an ugly disposition and at times verbally abused his wife, no objections were made. But when that information was followed by proof about Mrs. Shearer's unfortunate confinement to a wheelchair, an objection was promptly made. Having elicited the testimony, counsel then argued successfully to keep it in evidence, yet was himself the first to suggest that its effect would be that of inducing sympathy. While disavowing that purpose, he offered it "on the issue as it bears on his conduct toward his wife in relation to his injuries." But Shearer's conduct toward his wife was already proved, and when defendants' counsel objected that the evidence was repetitious on that, point, the objection was overruled. As matters then stood, Shearer proved that his conduct toward his wife was not good following the accident, and that she was physically handicapped by confinement in a wheelchair. The evidence remained before the jury. In Klein v. Stahl, Tex.Civ.App., 219 S.W. 523, 525, a party was permitted to testify about his deceased wife as explanation for her not appearing as a witness. But when he went further and told of his purchase of a gravestone and his sorrow for his wife's death, he committed error, since it "was calculated to arouse the sympathy of the jury."

In our opinion, the harm done by introducing the irrelevant matter about Mrs. Shearer's confinement to a wheelchair is embodied to some unknown degree in the verdict of $30,000. For that reason, the

judgment with respect to Mr. Shearer must be reversed and remanded.

The judgment for Davis is affirmed, but is reformed so that interest shall run from the date of judgment instead of the date of the verdict. Art. 5072, Vernon's Ann.Civ.Stats.

The judgment for Shearer is reversed and the cause remanded.