STEPHEN MINARCSIK ET AL., RESPONDENTS, v. ISIDORE BLANK, APPELLANT.

Submitted October 16, 1925—Decided March 3, 1926.

1. Plaintiff, a boy of twelve years of age, testified that as he started to cross one of two intersecting streets at the crossing, he observed the defendant's truck, about one hundred and fifty feet away, coming toward him; that he walked fast; that when he was almost across the street he saw the truck again, and that it was then only a few feet from him; that he tried to avoid it, and in doing so slipped on the ice and fell down, and that the truck then ran over his leg. *Held*, on these facts, it was clearly for the jury to say whether or not the defendant was negligent in failing to see the boy in time to avoid running over him; or, if he did see him, in failing so to operate his truck as to avoid running the boy down, the boy having the right of way over the truck at this point and the defendant being under a statutory duty to observe that right.

2. In order to bring an accident under the jurisdiction of the workmen's compensation bureau, it must be conclusively shown that the injured person was employed in the business of the defendant, and, with his consent, either express or implied; and that the injury received arose out of and in the course of that employment.

231

On appeal from the Union Common Pleas Court.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the appellant, *Frank G. Turner*.

For the respondents, *Louis J. Feit*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    This suit was brought by Stephen Minarcsik an infant twelve years of age, and his father, to recover compensation for injuries received by the infant resulting from his being run over by an auto truck of the defendant, and for the loss sustained and moneys expended by the father by reason of those injuries.    The accident occurred at the intersection of South Park street and New Point road, in the city of Elizabeth, on the evening of February 9th, between half-past seven and eight o'clock, while the boy was passing over the latter street, "across the crossing."    The trial resulted in favor of the plaintiffs, and from the judgment entered thereon the defendant has appealed.

The principal contention is that the trial judge should have directed a nonsuit or ordered a verdict for the defendant.    The first ground on which this contention is based is that there was no proof of negligence on the part of the defendant.    The boy's story was that he started to cross the New Point road from west to east he observed the defendant's truck about one hundred and fifty feet away, coming toward him; that he walked fast, and that when he was almost across the street he saw the truck again, and that it was then only a few feet from him; that he tried to avoid it, and in doing so slipped on the ice and fell down, and that the truck then ran over his leg.    On these facts it was clearly for the jury to say whether or not the defendant was negligent in failing to see the boy in time to avoid running over him; or, if he did see him, in failing so to operate

his truck as to avoid running the boy down, the boy having the right of way over the truck at this point and the defendant being under a statutory duty to observe that right. *Pamph. L.* 1916, *p.* 49.

It is further argued that these motions should have been granted because the boy was guilty of contributory negligence in attempting to cross the street in front of a truck whose approach he had observed. But, as has already been pointed out, the boy had the right of way, and the defendant was required to recognize that right; and, in this situation, it cannot be said, as a matter of law, that the boy was negligent in doing what the statute authorized him to do.

It is further argued that a verdict should have been directed in favor of the defendant on the ground that the boy was in the latter's employ at the time of the accident, and that any compensation to which he might be entitled could only he had by proceedings instituted before the workmen's compensation bureau. This argument is without merit. The proofs show that the defendant was a milkman, and that he had employed to assist him in his deliveries a young man by the name of Franz. Franz testified that he employed the boy to help him sometimes in the delivery of milk, paying him for his service by giving to him a quart of milk, which he (Franz) had previously received from the defendant as a part of his compensation. There is nothing in the proof to show that this has been done by Franz with the consent, either express or implied, of the defendant. On the contrary, the defendant himself on the witness-stand stated that he did not know and had never seen the infant plaintiff until the happening of the accident. The absurdity of the suggestion that, on this state of the proofs, it conclusively appeared that the boy was in the employ of the defendant at the time of the happening of the accident is apparent. In addition, it may be mentioned that, even if the existence of the boy's employment at the time of the accident had been shown, that fact was immaterial unless it had been further shown that the injury, which is the basis of the present suit, arose out of and in the course of that

employment (Workmen's Compensation act, section 1; *Comp. Stat. Supp., p.* 1639), and it appeared, by the uncontradicted testimony taken at the trial, that the boy had finished his work of delivering milk some little time before the accident and was on his way home; that he had stopped for a few minutes to engage in a game of snowball with some other boys on the street; that, after finishing the game, he resumed his way home, and that it was then that the accident happened. Manifestly, therefore, the accident did not arise out of and in the course of his employment.

For the reasons indicated, we conclude that the motions to nonsuit and to direct a verdict in favor of the defendant were each of them properly refused.

Lastly, it is said that the court erroneously charged the jury as follows on the question of the negligence of the defendant: "If the plaintiff's testimony that the defendant was one hundred and fifty feet away when this boy undertook to cross satisfies you that he was traveling at a rate of speed which a reasonably prudent person would not use on that kind of a night, and that he did not have proper control, from the evidence adduced before you, of his car, then it is for you to say whether he acted as a reasonably prudent man would on that occasion at that time and place and under those circumstances. If he did not, then he was negligent." It is argued that this instruction was erroneous because there was no evidence as to the speed at which the automobile was traveling. It was traveling fast enough, however, to pass over one hundred and fifty feet before the boy had crossed the street. It was traveling so fast that the defendant apparently was unable to stop it in time to avoid running down the boy, although, as has been pointed out, the boy had the right of way at the place where the accident happened. These facts made it, as the court considered, a question for the jury to determine whether the speed was greater than that which a reasonably prudent man would have used in approaching this crossing. It is further contended that there was a heavy fog (which was an admitted fact), and that this made it difficult for the defendant to

see the boy as he approached the crossing. But this fact did not relieve the defendant from exercising that degree of care which the existing conditions required for the purpose of having his car under such control as to be able to stop, if necessary, in order to avoid running down a foot passenger crossing the street where the accident occurred.

Finding nothing of merit in the grounds upon which we are asked to reverse this judgment, we conclude that the judgment should be affirmed.