## PAUL GUERISE, PETITIONER-RESPONDENT IN CERTIO-RARI, v. DECKER & CANNING COMPANY, DEFENDANT-PROSECUTOR IN CERTIORARI.

Argued October 6, 1931—Decided April 19, 1932.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutor, *Heine & Laird* (*John A. Laird,* of counsel).

For the respondent, *Salvatore F. La Corte.*

The opinion of the court was delivered by

TRENCHARD, J. Paul Guerise (hereinafter called workman) was employed by the Decker & Canning Company. He was injured and on his petition he was awarded compensation by the workmen's compensation bureau. His employers appealed to the Common Pleas Court of Union county and there the judgment of the workmen's compensation bureau was affirmed. The employers then sued out this writ of *certiorari,* bringing up the judgment of the Common Pleas Court, and their sole contention now is that the evidence did not justify the finding that the accident arose out of and in the course of the employment.

The employers were contractors, and were building a road on the outskirts of the city of Elizabeth, and the workman here concerned was one of a group of laborers employed on the job under a foreman.

The injured workman testified that on the afternoon in question the foreman went home about four-fifteen o'clock; that "as he went home he said it was raining and he said, 'fellows, the last truck has come, let them dump the truck and go home, the whole gang take the truck;'" that accordingly the whole gang got on the truck; that on the way home he fell off and was injured. Another workman testified, "Smith [the foreman] told us to take the last truck comes in, and that was the last one came in" * * * "he didn't ask us, he said make the last truck." There was other testimony of the same character to the effect that the foreman directed the men to take the truck and to go home.

The employers ask us to disregard or discredit all this testimony. But that we cannot do. The foreman was not called to deny these instructions, although still employed by the firm.

Charles Decker, one of the firm of employers, testified that the laborers were instructed to take orders from their foreman, and that the injured workman was a laborer. He further testified that his company only hired the trucks (of which the truck in question was one) for the working hours and that the foreman had instructions not to let the men ride on the trucks except during working hours and on certain occasions when they were being transported to the location of new jobs. But there was no evidence that any of the workmen knew of the alleged conditions of the company's contract of hiring of the truck, nor of the alleged instructions of the company to the foreman. The workman saw the trucks about the work, saw the foreman dictate their movements and operations, and boarded the truck when he was told to do so. It was his right if not his duty to obey. There was no obligation resting upon him to inquire whether his obedience of the order would inure to the benefit of the firm. That question was no concern of his. He was not required to

decide that question at his peril. The presumption is that the master knows his own business and it is the exclusive province of the master to determine questions of that character for himself.

The workman was not bound by undisclosed instructions to the foreman, limiting the use of the trucks as to time and occasion, nor by undisclosed conditions of the contract between the employers and the truck owner. We think that, under the circumstances, the workman certainly had a right to follow the directions of the foreman as to boarding the truck on the occasion in question, and that the ensuing injury therefore arose out of and in the course of his employment.

The judgment below will be affirmed, with costs.