**EMPLOYERS' LIABILITY ASSUR. CORPO-
RATION, LIMITED, v. HOAGE et al.
(PAYNE, Intervener).**

No. 5929.

Court of Appeals of the District of Columbia.

Argued Jan. 9, 1934.

Decided Jan. 29, 1934.

Norman B. Frost, Frank H. Myers, and Frederic N. Towers, all of Washington, D. C., for appellant.

Daniel W. O'Donoghue, Jr., of Washington, D. C., for appellee Ethel M. Payne.

Leo A. Rover and John J. Wilson, both of Washington, D. C., for appellee Robert J. Hoage, Deputy Commissioner.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

This is an appeal under the Compensation Law (D. C. Code 1929, tit. 19, §§ 11 and 12, making applicable to the District of Columbia the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424 et seq., 33 USCA § 901 et seq.). The lower court dismissed the injunction bill, and the case is here on appeal. It may be disposed of in a brief memorandum.

The deputy commissioner, on consideration of the evidence, held the employee was carrying out his employer's instructions at the time of the injury. If there is evidence to sustain this conclusion, we are bound by it. Only in a case in which there is no evidence reasonably to support the findings may we set aside the award made by the deputy commissioner. We have said this many times, and so also has the Supreme Court.

In this case the evidence shows deceased was a salesman for the R. K. O. Distributing Corporation; that he resided and had his headquarters in Washington; and that part of his duties was to solicit the sale or lease of moving picture films to various theaters in small towns in Virginia, mostly between Fredericksburg and Tidewater. In this service he used his own automobile and received a mileage allowance from his employer. Ordinarily he would leave Washington Monday afternoon and return Friday. On the Monday preceding the injury, he had instructions from his superior to visit certain small towns between Fredericksburg and Gloucester Point and then cross over the York and James rivers to Norfolk and meet his employer some time on Wednesday. Instead of starting the trip Monday afternoon, he went to Baltimore but returned to Washington Tuesday, and Tuesday afternoon he

left Washington on the prearranged trip. Just about twenty miles from Washington his car left the highway, ran into a ditch, and he was killed. He was accompanied by a woman whom he had invited to go along with him as far as Fredericksburg and have supper with him at that point, the arrangement between them being that he would then press on and she would return to Washington by bus or train.

The presence of the woman companion in the automobile and the invitation to her to have supper with him are the grounds on which the award is contested. In this view, it is urged on behalf of the insurance company that the purpose of the trip was not in the master's business but was to take his woman companion for a drive and to supper.

The place where the accident occurred and the place where deceased intended to stop for supper were both directly on his line of travel in connection with his work. Deceased's companion testified that shortly before the accident he mentioned to her that he was not well and would not be making the trip except that it was absolutely necessary. What may be conjectured on the other side as to this is purely a matter of opinion.

If it can be shown in any compensation case under the federal act that the employee at the time of the injury has left the sphere of his employment for some purpose of his own wholly unconnected with the employment, it is clear that compensation may not be awarded, for in such a case it could not be properly said that the injury arose out of and in the course of the employment. But it does not follow that, because the employee is at the time serving a purpose of his own in no way inconsistent with his duties to his employer, the fact of double purpose will exclude his right to compensation. The test in such cases is whether it is the employment that has sent the employee upon the journey or brought exposure to the peril, and hence, as was said by the Court of Appeals of New York, it is enough to establish liability if there is evidence to show that the trip would have been made in the employer's business though the private errand had been canceled, or, in other words, if the work of the employer creates the necessity for travel, the employee is in the course of his employment though he avail of the opportunity to serve at the same time some purpose of his own. Marks' Dependents v. Gray, 251 N. Y. 90, 167 N. E. 181.

Here we have a case in which the employee was expected by his employer to begin a journey by automobile on one day but which, for purposes of his, he delays until the next. Obviously if the injury had occurred before the journey pursuant to the employer's program was begun, no compensation would have been payable, but the delay, though it may have been a breach of discipline, would not defeat the application of the statute to an accident occurring after the employee had gone back to his work. The evidence here, as we have seen, shows satisfactorily, and the deputy commissioner has found, that, when the employee left Washington, it was for the express purpose of carrying out the arranged schedule of appointments concluding with one in Norfolk some time on Wednesday. The manner of going, the use of the automobile, the route taken, were all consistent with the carrying out of this purpose. The statement of deceased to his companion prior to his death that he would not be going at all except for the necessity he was under of obeying his employer's direction strengthens the conclusion that this was the purpose of the journey. The presence of a woman companion in his car and his invitation to her to have supper with him, though it may have been prearranged, would, therefore, no more defeat the right of recovery than would his stopping and picking up a stranger on the wayside. In such a case the incidental circumstance is of no importance.

■ Stress was laid in the argument on the rate of speed at which the automobile was being driven at the time of the accident. Granted this was shown by the evidence, it was no more than a showing of negligence; and granted further that this increased the normal risks of the employment, it would not defeat an award because by the terms of the act compensation is payable irrespective of fault as a cause of the injury (section 4 (b), 33 USCA § 904 (b).

Affirmed.