WILLIAM LESSER, Respondent, *v.* HOLLAND FARMS, INC., Appellant.

Second Department, July 2, 1936.

*Daniel Mungall [Edwin C. Markel* with him on the brief], for the appellant.

*Charles Glatzer,* for the respondent.

LAZANSKY, P. J. Regardless of procedure, the real question which the parties seek to have decided is whether or not plaintiff was an employee of defendant. If he was such an employee, plaintiff has no cause of action against defendant unless it failed to provide for him compensation under the Workmen's Compensation Law. There is no real dispute as to the facts.

One Bedell was in defendant's employ as a chauffeur and as such operated one of its trucks in the dairy business. Plaintiff was a helper to Bedell on the truck operated by the latter. Bedell engaged plaintiff at defendant's direction and paid his wages out of his own funds, bought his meals, had his overalls laundered, and gave him a quart of milk each day. Bedell had the right to discharge plaintiff. All this was known to the defendant, which, however, reserved the right to direct and require Bedell to discharge plaintiff if it so wished. Plaintiff had no direct dealings with defendant. Through the alleged negligence of Bedell while he was operating the automobile truck on defendant's business, plaintiff, who was on the truck with him, was injured. Plaintiff claims he was not in the employ of defendant but in the employ of Bedell. Plaintiff seems to urge that Bedell, the driver, in legal effect was an independent contractor by whom he was employed.

Bedell was not doing his own work. He was performing defendant's work. What plaintiff did to assist Bedell was not Bedell's work but defendant's work. Bedell was authorized and directed to engage plaintiff as a helper. Relationship between master and servant is one of contract, express or implied. Bedell made the contract for plaintiff's employment in behalf of both plaintiff and defendant. Bedell had the right to hire and discharge plaintiff, and paid him. Those are some of the tests of who the employer is, but are inconsequential in this case because the business was defendant's business. Besides, the hiring was subject to defendant's right to insist upon a discharge. True, Bedell directed and controlled the work of plaintiff in a sense, but it was in behalf of defendant. Such direction and control were like that of a superintendent or foreman over a gang of men doing the work of the employer of the superintendent or foreman. Plaintiff was in defendant's employ. (*Matter of Westfelt* v. *Atlas Furniture Co.*, 256 N. Y. 578; *Matter of Mosley* v. *Estate of Rosenstein, Inc.*, 264 id. 497; *Paducah Box & Basket Co.* v. *Parker*, 143 Ky. 607; 136 S. W. 1012; 43 L. R. A. [N. S.] 179.)

If plaintiff's claim were tolerated, then all the safeguards Legislatures and courts have devised for the benefit of labor would be inane, and the result of years of effort in that connection lost. Industry would no longer engage labor. That would be left to labor-contractors in factory as well as in the field. The courts should be unwilling to give aid to that end.

The order denying motion to dismiss the complaint should be reversed on the law, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs, with leave to plaintiff to serve, within ten days after entry

of the order hereon, an amended complaint showing, among other things, if plaintiff be so advised, that defendant had not provided compensation for him under the Workmen's Compensation Law.

YOUNG, HAGARTY and JOHNSTON, JJ., concur; DAVIS, J., dissents and votes to affirm upon the ground that there is a question of fact with reference to the employment.

Order denying motion to dismiss the complaint reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve, within ten days from the entry of the order hereon, an amended complaint showing, among other things, if plaintiff be so advised, that defendant had not provided compensation for him under the Workmen's Compensation Law.