**WILLIAMS v. AMERICAN EMPLOYERS' INS. CO.**

No. 7325.

United States Court of Appeals for the District of Columbia.

Decided Nov. 6, 1939.

Petition for Rehearing Denied Nov. 30, 1939.

Richard L. Tedrow, of Washington, D. C., for appellant.

Frank H. Myers, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, EDGERTON and VINSON, Associate Justices.

VINSON, Associate Justice.

This is a compensation case. An award by the deputy commissioner against the Root Pop Bottling Works (hereinafter called the employer) and the American Employers' Insurance Company, as insurance carrier, was entered in favor of appellant, Curtis Williams, (hereinafter called the employee) under the provisions of the Longshoremen's and Harbor Workers' Act,[1] for injuries received by him.

In accordance with sec. 921(b) of the Act, appellee, insurance carrier, sued in the district court for a mandatory injunction, enjoining the award of the deputy commissioner, alleging that Williams was not an employee under the Act and requesting a trial de novo in that court to establish the fact of, or lack of, employment, and if employment was found to exist, for a statutory review under the Act. Williams intervened and alleged that he was in the employ of the company; that the injury he received arose out of and in the course of his employment; and, that the findings of the deputy commissioner to this effect were conclusive upon the district court. The district court refused to disturb the finding of the deputy commissioner that the relationship of master and servant existed,[2] but, on the record of the proceed-

---

[1] 44 Stat. 1424, 33 U.S.C.A. § 901 et seq., made applicable to the District of Columbia by the act of May 17, 1928, 45 Stat. 600, D.C.Code 1929, T. 19, §§ 11, 12, 33 U.S.C.A. § 901 note.

[2] It is supported by substantial evidence. Lesser v. Holland Farms, 248 App.Div. 323, 289 N.Y.S. 24; Hockmuth v. Perkins, 55 Ga.App. 649, 191 S.E. 156; Michaux v. Gate City Orange

ings had before the deputy commissioner, made the following finding: "I find no evidence in the record of the hearings before the Assistant Commissioner to sustain his findings that the defendant Williams was injured in the course of his employment, and it would be a further waste of time to have any further hearings of this case."

The court, thereupon, entered a decree permanently enjoining the compensation order and award, holding that it was "not in accordance with law." From this decree an appeal was taken.

It appears from the record, and the deputy commissioner so found, that on the day of the accident Myles, a driver-salesman of the employer, and the employee were making their regular trip selling and delivering soft drinks on a route in southern Maryland. Employee's duties were to help load and unload the truck at the employer's plant and to carry cases of soft drinks to and from the truck at the various places of delivery, and, at times, to drive the truck. He was under the exclusive supervision and control of Myles. While returning to the employer's plant in Washington, and before they had serviced the last customer on their route, Myles purchased an automobile for his own personal use. He instructed the employee to drive the employer's truck to the last customer's place of business. Myles drove the automobile there. After servicing this last customer, they were to return to the Washington plant where the employee would unload the empties and reload the truck that evening in preparation for the next day's work. Myles ordered the employee to drive his recently purchased automobile and to follow closely behind the truck, which Myles drove. Their expressed intention was to turn off the road at some point distant and drive to Myles' home, where his automobile would be left. Then they would proceed in the employer's truck to the plant and there reload the truck. While thus returning on the direct route to Washington and the employer's plant, and before they had arrived at the junction of the road leading to Myles' home, the automobile driven by the employee was sideswiped resulting in the injuries for which he was awarded compensation.

Further, the deputy commissioner found that the injury in question resulted while the employee was performing service as a helper or jumper for the employer; that at the time of the injury the employee was on his way back to town by means of transportation, which had been furnished to him by his superior, and in accordance with the instructions of his superior; that he was an employee of the Root Pop Bottling Works; and, that "the injury arose out of and in the course of employment."

The findings of the deputy commissioner upon questions of fact "as to the circumstances, nature, extent and consequences of the injuries sustained by the employee for which compensation is to be made in accordance with the prescribed standard" are conclusive upon the district court, and upon this court, if supported by substantial evidence. Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598; Voehl v. Indemnity Ins. Co., 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245. However, "if not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, * * *." Sec. 921(b).

The question before us, then, is whether or not the facts as found by the deputy commissioner support his finding that the injury to the employee arose out of and in the course of his employment. We think that they do.

Employee's work took him out of the city on long trips, after which he would return to the employer's plant to complete the day's work. Until he had returned to the plant and loaded the truck he had performed but part of his work. At the time of the injury there was necessity for travel to bring him to the employer's plant for him there to continue work beneficial to the employer. The very nature of the services rendered required the employer to furnish employee with return transportation. The employer, through employee's immediate superior, furnished the mode of transportation for the return to the plant and ordered him to use it. Had the employee been directed to return to the plant by bus, trolley, or train, it could not be doubted that he was continuing in the employer's work. The fact that the em-

ployer's agent chose to return him in this particular automobile owned by the driver-salesman did not remove him from his employment. Such circumstance is incidental and of no importance. Employers' Liability Assur. Corp. v. Hoage, 63 App.D.C. 53, 69 F.2d 227. "The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own." Marks' Dependents v. Gray, 251 N.Y. 90, 167 N.E. 181, 183.

So likewise falls the contention that the understanding that employee would drive the car to his superior's home constitutes a departure from the course of employment. It was understood that the employee would drive the automobile to his superior's home and thence be carried to the plant in a truck. But it must be remembered that the accident occurred on the usual and only route by which employee could return to Washington and the plant. He had not reached the junction with the road which led to the superior's home. His employment exposed him to the hazards of the road upon which the injury occurred.[3] It is not a case where the injury occurred after deviating from the route the employee should travel. As Judge Cardozo said, "He did not abandon the business merely because at the same time that he was attending to it he served some other purpose. How the case would stand if the collision had occurred in the course of deviation from the route, we need not now inquire. Deviation there never was. The unfulfilled intention [of leaving this road which, under his employment, the employee must travel] did not transform the trip in its entirety, and vitiate that part of the service which was legitimate and useful." Clawson v. Pierce-Arrow Motor Car Co., 231 N.Y. 273, 131 N.E. 914; Marks' Dependents v. Gray, supra.

We think that the injury which the employee received was a direct result of the position in which he was placed by the order of his superior and that it therefore arose out of his employment. The employee occupied a menial position, that of laborer. In our view it necessitated strict obedience to his superior's orders. Driving the car was not of his own volition, but at the express order of his superior, and in line of duty. "It was his right, if not his duty, to obey. There was no obligation resting upon him to inquire whether his obedience of the order would inure to the benefit of the firm. That question was no concern of his. He was not required to decide that question at his peril."[4] We might well base our holding that the accident occurred in the course of employment upon the authority of these cases, but it is not necessary for us to rest upon this doctrine alone. In these cases the action of the employee at the time of injury was not -in any manner in furtherance of the master's business. They are bottomed solely upon the direction and control of the servant by the superior. Here, the fact is inescapable that the employee occupied his position at the time of the accident because of the direct order of his superior, but added to that is the finding of the deputy commissioner, amply supported by evidence, that he was being returned to Washington to complete his day's work "by means of transportation which had been furnished to him by his superior." In consequence of which his obedience to the superior's order would "inure to the benefit of the firm." It has been well said that "if the servant is required to be in the particular conveyance at the time as an incident of the employment in furtherance of his master's business, and is injured, he comes within the act and is entitled to compensation." · Van Gee v. Korts, 252 N.Y. 241, 169 N.E. 370, 371.

In our view, there is substantial evidence to support the finding of the deputy commissioner that the injury arose out of and in the course of appellant's employment and we must hold that his award is in accordance with law. The decree of the district court is reversed and the cause remanded for action consistent with this opinion.

Reversed and remanded.

---

[3] Voehl v. Indemnity Ins. Co., supra.

[4] Guerise v. Decker & Canning Co., 109 N.J.L. 8, 159 A. 815, 816; Stakonis v. United Advertising Corp., 110 Conn. 384, 148 A. 334; Oklahoma General Power Co., v. State Ind. Comm., 108 Okl. 251, 252, 235 P. 1095; Schneider on Workmen's Compensation Law, vol. 1, 2d ed., P. 1019.