604

CARSON v. CARDILLO, Deputy Com'r, et al.

No. 8179.

United States Court of Appeals for the District of Columbia.

Argued Dec. 2, 1942.

Decided Dec. 21, 1942.

Mr. Wm. A. Powell, of Washington, D. C., for appellant.

Mr. Edward M. Curran, United States Attorney, and Mr. Ward E. Boote, Chief Counsel, U. S. Employees Compensation Commission, both of Washington, D. C., for appellee Cardillo.

Mr. Albert F. Beasley, of Washington, D. C., submitted the case on the brief for appellee A. W. Lee, Inc.

Before GRONER, Chief Justice, and VINSON and EDGERTON, Associate Justices.

PER CURIAM.

This is a compensation case [1] in which the Deputy Commissioner refused to make an award. Appellant claimant asked the District Court to set aside the Deputy's order and issue an injunction requiring him to make an award. That court dismissed the action on the ground that there was substantial evidence to support the Deputy's findings. This appeal followed. Appellant, the widow of deceased, filed a claim for compensation benefits against the employer, alleging that the death of her husband was the result of an injury arising out of and in the course of his employment. The Deputy Commissioner found that deceased, on the day of his death, was engaged in carrying a hod up one flight of stairs in a building under construction in the District of Columbia; that in the course of his work he complained of being ill, collapsed and was taken to a hospital, where he died; "that the cause of death was coronary occlusion; that the employee did not sustain an injury arising out of and in the course of employment; that he had advanced and severe coronary sclerosis; that the heart itself was not diseased; that the death of the said employee was due to natural causes and was unrelated to his employment."

We have said more than once in these cases that the findings of the Deputy Commissioner, if supported by substantial evidence, are conclusive on us, whether

[1] Longshoremen's and Harbor Workers Compensation Act, 33 U.S.C.A. § 901 et seq., as made applicable to the District of Columbia, 45 Stat. 600, D.C.Code, 1940, § 36—501, 33 U.S.C.A. § 901 note.

those findings result in the grant or denial of a claim to compensation. [2]

In the instant case, as we have seen, the Deputy Commissioner found that the death of the employee was due to natural causes and not to his injury. The evidence easily supports this conclusion. Dr. Rosenberg, the Deputy Coroner, testified that the autopsy performed on the body of deceased disclosed "that his heart was moderately enlarged and there was some moderate degeneration of the heart muscle. The most pathology in the heart was in the coronary vessels which were markedly sclerotic, atheromata and calcarious, and one of the coronaries, the left, was occluded by the clot. The liver was slightly swollen and congested. Kidneys were enlarged, cystic and sclerotic, and the cause of his death was a coronary occlusion due to a clot following arterio-sclerosis of the coronary vessels." As a result of this he testified that the work in which deceased was engaged at the time of his collapse had no causal connection with his death. Dr. Sullivan, who was called and attended deceased just prior to his death stated, in reply to the question whether the employment had any causal relation to the death, that in his opinion there was no question that the work in which deceased was engaged had nothing to do with his death.

While it is quite true that there was some evidence from which the Deputy Commissioner might have reached a contrary conclusion, it was far from sufficient to justify our saying that the decision reached was clearly arbitrary and unreasonable. In these cricumstances we are bound by the Deputy's findings and must affirm the judgment of the District Court.

Affirmed.

---

[2] Groom v. Cardillo, 73 App.D.C. 358, 119 F.2d 697; Potomac Electric Power Co. v. Cardillo, 71 App.D.C. 163, 107 F. 2d 962; Maryland Casualty Co. v. Cardillo, 71 App.D.C. 160, 107 F.2d 959; Williams v. American Employers' Ins. Co., 71 App.D.C. 153, 107 F.2d 953; Maryland Casualty Co. v. Cardillo, 70 App.D.C. 121, 104 F.2d 254; Employers Liab. A. Corp. v. Hoage, 67 App.D.C. 245, 91 F.2d 318; Aetna L. I. Co. v. Hoage, 64 App.D.C. 185, 76 F.2d 435; Employers' Liab. Corp. v. Hoage, 63 App.D.C. 53, 69 F.2d 227.