**L. M. HOWARD, Appellant,**

v.

**AMERICAN PAPER STOCK COMPANY,**
Appellee.

No. 17614.

Court of Civil Appeals of Texas,
Fort Worth.

April 25, 1975.

Opinion on Rehearing May 16, 1975.

Law Offices of Herrick & Ward, and Richard E. Ward, Fort Worth, for appellant.

Brown, Crowley, Simon & Peebles, and M. Hendricks Brown, Fort Worth, for appellee.

## OPINION

MASSEY, Justice.

For personal injuries sustained in a collision between a truck of the defendant American Paper Stock Company and an automobile in which plaintiff L. M. Howard was a back seat passenger, suit for damages because of plaintiff's personal injuries was brought under the theory of negligent tort.

E. W. Allen, driver of the truck of the defendant on the occasion in question and for whose negligence the jury found defendant liable to plaintiff under the theory of *respondeat superior,* was never made party to the suit. Allen was the brother-in-law of Jerry Hart, who was the owner and operator of the automobile in which plaintiff was passenger. He was also the brother-in-law of the plaintiff.

By answers returned to special issues the jury found that: E. W. Allen was in the course and scope of his employment by defendant upon the occasion in question. The jury also found further: that he negligently failed to keep a proper lookout; drove the truck at a greater rate of speed than a person of ordinary care; failed to make such application of brakes as a person using ordinary care; knowingly drove the truck when the brakes thereon were insufficient to bring the same safely to a stop; and followed the automobile in which plaintiff was passenger more closely than a person using ordinary care would have followed. The jury found that each act or omission constituting negligence amounted to a proximate cause of the collision and consequent injuries to plaintiff. The jury found the following as sums which as of date of the verdict, would reasonably compensate him therefor: (a) $22,600.00 for past physical pain and mental anguish; (b) $30,000.00 for physical pain and mental anguish he will suffer in the future; (c) $2,400.00 loss of earnings in the past; and (d) $50,000.00 as the loss of earning capacity which, in reasonable probability, he would suffer in the future.

Thereafter the defendant filed its Motion for Judgment Notwithstanding and to Disregard Findings of the Jury. The court granted the motion and entered judgment that plaintiff take nothing. Plaintiff appealed.

We reverse and render.

■ The parties are in agreement that the trial court rendered its judgment *non obstante veredicto* on the theory that as a matter of law E. W. Allen, driver of defendant's truck, was not acting within the scope and course of his employment by the defendant at the time of the collision. We have reviewed the entire record and will state that our holding is that each and every jury finding upon Allen's negligence, amounting to proximate cause of the collision, was supported by the evidence. Defendant has no cross point by which it contends that there was no evidence supporting the submission of such issues to the jury or that the jury findings in respect thereto were contrary to the greater weight and preponderance of the evidence.

Shortly prior to the occurrence of the collision E. W. Allen, at the direction of defendant, drove the truck toward the west on Vickery Boulevard in Fort Worth, Tex-

as to a warehouse of a third person to receive delivery of rolls of paper. The paper having been loaded on the truck Allen departed such premises and drove back out onto Vickery Boulevard and turned and drove in an easterly direction thereon until the time of the collision. The collision occurred immediately to the west of the intersection of Vickery Boulevard with Hemphill Street. Thereat the automobile of Jerry Hart, in which plaintiff was a back seat passenger, had been stopped in obedience to the change of signal lights from the green to "Go" signal to the red "Stop" signal for vehicular traffic traveling east. Hart's automobile had been proceeding in an easterly direction.

The truck of the defendant, driven by E. W. Allen, struck head-on into the left part of the rear of Hart's automobile and knocked it forward out into the intersection. The force of the collision broke the front seat of Hart's automobile, occupied by Hart and a front seat passenger, and it moved backward so that plaintiff was "pinned" in the rear seat. Extrication of plaintiff required approximately 30 minutes.

The record is entirely silent upon the matter of when, if ever, Hart became aware that Allen was driver of the truck which ran into his automobile. Hart did not testify. Plaintiff learned of the fact the day following the collision.

According to Allen (and Allen alone) he at some time, either immediately upon departing the premises on Vickery Boulevard, or by reason of discovery while he was thereafter driving in an easterly direction on that street, became aware that it was the automobile of his brother-in-law Hart which was ahead of him and that it was Hart who was driving.

Allen decided to pursue and overtake Hart so that he could converse with him upon purely personal matters. He testified that he pursued approximately a quarter-mile, but had not caught up with

the Hart automobile when it stopped at the intersection of Vickery Boulevard with Hemphill Street. He testified that he was driving with his truck in "second gear" and was about a car length behind the Hart automobile when he discovered the fact of the signal light change and that Hart was stopping his automobile in obedience thereto; that he was unable to get his brakes to stop the forward motion of the truck; and that he thereupon attempted to turn to the left, but was unable to avoid running into the rear of the automobile. Further, Allen testified that the route he was traveling, to-wit: in an easterly direction on Vickery Boulevard, was the route he would have, in any event, taken on his return trip to the premises of his employer. This fact seems to be without dispute in the record.

In other words this is a situation where Allen was pursuing Hart; where if Hart had made a turn so as to go south on a side street Allen might have pursued by making a like turn and thereby have made a deviation which would have removed him from the scope and course of his employment, for his admitted intention was to overtake and converse with Hart. But Hart made no such turn and proceeded straight ahead; so Allen proceeded straight ahead also, making no deviation which would have removed him from the scope and course of his employment. There was no deviation which could be said to have occurred as a matter of law because the route traveled would have been the same had Allen's sole purpose been to return to the premises of his employer, according to his duty. The evidence showed that the acts and conducts of Allen might have been for a dual purpose, one of which was in furtherance of the business affairs of the defendant.

It is settled in our law that in these circumstances the jury's fact finding that an employee continued to be acting within the scope and course of his employment and in furtherance of the affairs of his employer is determinative of the issue. Under the

verdict returned in this case Allen's employer became responsible for his actions under the doctrine of *respondeat superior*. If the purpose of serving the master's business actuates the servant to any appreciable extent his acts are within the scope of the employment. Late cases under the "dual purpose" doctrine include Gulfcraft, Inc. v. Henderson, 300 S.W.2d 768, 772 (Galveston, Tex.Civ.App., 1957, no writ history) and M. K. Hall Company v. Caballero, 358 S.W.2d 179 (Eastland, Tex. Civ.App., 1962, writ ref., n. r. e.). See also Restatement of the Law, Agency, Ch. 7, "Liability of Principal to Third Person; Torts", Sec. 226, "Servant Acting for Two Masters", and Sec. 236, "Conduct Actuated by Dual Purpose"; 27A Tex. Digest, ☞302(6) "(Scope of employment) Acts of servant in his own behalf". See also the Workmen's Compensation case of Williams v. American Employers' Ins. Co., 71 App. D.C. 153, 107 F.2d 953 (1939).

■ Furthermore, it is to be remembered that there was no dispute upon the facts that E. W. Allen was the employee of the defendant as its truck driver. When it is proved that the truck was owned by the defendant and that the driver was its employee a presumption arises that the driver was acting within the scope of his employment when an accident occurs; and an injured plaintiff is entitled to prevail by jury verdict in his favor upon the presumption that defendant's driver was acting as its agent under these circumstances unless the defendant comes forward with clear and positive evidence to show that the employee was not engaged in its business at the material time. Robertson Tank Lines, Inc. v. Van Cleave, 468 S.W. 2d 354 (Tex.Sup., 1971). In the instant case the defendant tendered no proof.

By a cross point the defendant attacks all the items of damage except that for plaintiff's $2,400.00 loss of earnings in the past. The contention is that there was no evidence, and in the alternative insufficient evidence, to support the findings; and also that the findings were so contrary to the greater weight and preponderance of the evidence as to be manifestly wrong, and made as result of bias, prejudice or some other improper motive on the part of the jury.

■ Our holding is against the contentions of the cross point. Prior to the collision in question plaintiff had sustained an antecedent injury to his back necessitating an operation and spinal fusion. In the evidence upon this trial he testified and the jury was entitled to believe that he had fully recovered from the effects of such and that he was able to bend, stoop, and lift in his work without pain. Plaintiff testified that because of the accident of October of 1972 something "popped" and he was numb from the waist down. He was taken to the hospital by ambulance and remained there five days. One week later he was re-admitted and underwent a myelogram and exploratory surgery. Bone was removed from the next movable segment above the old spinal fusion. Later, upon plaintiff's return to work he found it necessary to wear a back-brace at all times, and take medication every two hours. By the end of the year ensuing his condition worsened in that he began to lose strength in his right leg, accompanied by muscle involvement with severe pain which was not eased by bed-rest. He was re-hospitalized for between two and three weeks, during which another myelogram was performed and an operation ensued with laminectomy and fusion of the fourth and fifth lumbar vertebrae. He again returned to work with aid of back-brace and pain medicine.

Plaintiff produced expert medical testimony to the effect that plaintiff's condition would be permanent, both as applied to disability and pain. The state of the ev-

idence is such that substantial damage findings would be compelled.

■ Since our holding is that plaintiff was, by the effect of and from the date of the verdict on July 24, 1974, entitled thereupon and at that time to have judgment awarding him $105,000.00 it is obvious that entitlement thereto was of same as a liquidated sum. In other words plaintiff's prior demand for unliquidated damages ceased upon the return of the verdict for by the verdict his entitlement was for a liquidated amount of damages. Since our judgment—in the stead of judgment to the same effect as if by the trial court—occurs nine months after the time plaintiff was entitled to judgment what would have been "legal interest" at six per cent per annum would amount to more than $4,725.00. This is not a "trifle" with which a court would not be concerned. In effect it was value received by defendant to which it was not entitled as against the plaintiff because of its continued use of plaintiff's money. See Vernon's Ann.Tex.Civ.St. Art. 5069—1.05 (formerly Art. 5072), "(Interest) Rate of judgments". Interest in Federal courts is by statute directed to be similarly calculable. 28 U.S.C.A., Sec. 1961. A construction made in a Texas case having a delay after verdict before entry of a judgment for plaintiff based thereon was held, under the Federal law, to entitle plaintiff to judgment for interest from date of the verdict, since the entitlement was upon jury finding of the amount of damages "if paid now in cash". Gorsalitz v. Olin Mathieson Chemical Corporation, 429 F.2d 1033, 1047 (CCA, 5th Circuit, 1970). Our construction of Texas law is to the same effect. In a judgment rendered for plaintiff, his interest entitlement should under circumstances of this case date from return of the jury's verdict.

Judgment is reversed, and judgment is rendered that plaintiff recover damages in the sum of $105,000.00, with interest thereon of six per cent per annum from July 24, 1974.

BREWSTER, J., dissents.

BREWSTER, Justice (dissenting).

I disagree with the part of the opinion of the majority holding that plaintiff can recover interest in this case from the date of the jury verdict, to-wit, July 24, 1974.

This was a suit to recover damages for personal injuries sustained in an automobile wreck (it was a suit for damages on an unliquidated demand).

The authorization for the recovery of interest in such cases is Article 5069—1.05, V.A.C.S., which provides: "All judgments of the courts of this State shall bear interest at the rate of six percent per annum from and after the date of the judgment, . . . . ."

The plaintiff has never had a decision in this case rendered in his favor at any time prior to the time the opinion in this case is handed down by this Court. The date on which the opinion in this case is handed down is the date of plaintiff's judgment in this case.

I am convinced that because of the terms of Article 5069—1.05 authorizing the recovery in such cases as this of interest only from date of judgment that a holding that plaintiff is entitled to interest from date of the verdict, instead of from the date that the opinion in this case is handed down (the date of judgment), is erroneous.

In reaching this conclusion I rely on the following decisions: Jacobe v. Goings, 3 S.W.2d 535 (Beaumont, Tex.Civ.App., 1928, writ dism.) and Armstrong Tire and Rubber Company v. Shearer, 290 S.W.2d 294 (San Antonio, Tex.Civ.App., 1956, ref., n. r. e.).

Here we have a statute specifically declaring that interest in cases such as this can be recovered only from date of judgment. The majority opinion is saying in effect that, regardless of that controlling statute, interest in cases such as this can be recovered from the date of verdict, instead of date of judgment. It is things such as this that makes the law so confusing to so many of us.

I agree with the majority opinion, except on this interest point. I would allow interest to be recovered only from date the opinion in this case is handed down by this Court.

## OPINION ON MOTION FOR REHEARING

MASSEY, Chief Justice.

Drawn to our attention on Motion for Rehearing was that by inadvertence we had overlooked the fact that by the jury verdict, under pleadings by way of limitation of the amount found, there were hospital and medical bills totaling $4,072.06 which should have been a part of the judgment for plaintiff. Thus plaintiff's entitlement thereto, as in the nature of liquidated damages, would date from the time the jury returned its verdict, as held by us relative to the amount of $105,000.00.

Obvious therefore is that our judgment should have been for $109,072.06 as plaintiff's damages, with interest thereon of 6% per annum from July 24, 1974. By amendment to and as supplement to our opinion in the case it is accordingly our holding.

Our judgment rendered pursuant to the opinion of April 25, 1975, is therefore amended and reformed in that instead of for $105,000.00 judgment is rendered that plaintiff recover damages of and from defendant in the sum of $109,072.06, with interest thereon of six per cent per annum from July 24, 1974.