ACCEPTED
01-15-00161-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/18/2015 4:31:04 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00161-CV

IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL DISTRICT
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
8/18/2015 4:31:04 PM
CHRISTOPHER A. PRINE
Clerk

CAMILLO MARTINEZ O/B/O DECEASED, YOLANDA MARTINEZ,
APPELLANT

V.

NABELL "BILL" ARAFAT D/B/A TEXAS CAR STEREO,
APPELLEE

Appealed from the 270th Judicial District Court
Harris County, Texas
Trial Court Cause No. 2011-44754-A

## APPELLANT'S REPLY BRIEF

**Husain Law + Associates, P.C.**
Joshua R. Leske
State Bar No. 24060162
5858 Westheimer, Suite 400
Houston, Texas 77057
(713) 621-8900
(713) 621-8909 – Facsimile
jleske@hlalawfirm.com

**COUNSEL FOR APPELLANT**

**APPELLANT REQUESTS ORAL ARGUMENT**

# TABLE OF CONTENTS

Table of Contents…………………………………………………………………...2

Index of Authorities…………………………………………………………...3

Argument & Authorities…………………………………………………………5

ISSUE ONE: The trial court erred in granting summary judgment because genuine issues of material fact exist, thus precluding summary judgment, regarding (1) whether Appellee had the right to control the vehicle Rodriguez was operating; (2) whether Appellee entrusted the vehicle to Rodriguez; (3) whether Rodriguez was in the course and scope of his employment with Appellee at the time of the accident; and (4) whether Appellee was grossly negligent…………...……………5

A.      Fact Issues exist about whether Appellee retained control over the vehicle Rodriguez was driving and whether Appellee entrusted the vehicle to Rodriguez………………………………………………………………….5

B.      A fact issue exists as to whether Rodriguez was in course and scope………7

        Deviation…………………………………………………………...10

C.      A fact issue exists as to whether Appellee was grossly negligent………….11

Prayer…………………………………………………………………………...13

Certificate of Compliance………………………………………………………14

Certificate of Service…………………………………………………………...15

# INDEX OF AUTHORITIES

## Cases:

*Arbelaez v. Just Brakes Corp.*,
   149 S.W.3d 717 (Tex. App.-Austin 2004)…………………………………10

*Baker Hotel of Dallas v. Rogers*,
   157 S.W.2d 940 (Tex. Civ. App.-Dallas 1941)………………………...9

*Best Steel Bldgs., Inc. v. Hardin*,
   553 S.W.2d 122 (Tex. App.-Tyler 1977, no writ)……………………….10

*City of Keller v. Wilson*,
   168 S.W.3d 802 (Tex. 2005)………………………………………...5

*Dictaphone Corp. v. Torrealba*, 520 S.W.2d 869
   (Tex. Civ. App.--Houston [14th Dist.] 1975, writ ref'd n.r.e.)……………..11

*Eubanks v. Hughes Engineering Co.*,
   369 S.W.2d 49 (Tex.Civ.App.-Fort Worth 1963, writ ref'd n.r.e.)………….8

*Garay v. G.R. Birdwell Constr., L.P.*,
   2014 Tex. App. LEXIS 12710 (Tex. App.-Houston [1st Dist.] 2014)……..12

*General Motors Corp. v. Sanchez*,
   997 S.W.2d 584 (Tex. 1999)………………………………………12

*Gilgon, Inc. v. Hart*,
   893 S.W.2d 562 (Tex. App.-Corpus Christi 1996, pet. denied)………..10, 11

*GTE Southwest, Inc. v. Bruce*,
   998 S.W.2d 605 (Tex. 1999)………………………………………...7

*Hanna v. Lott*,
   888 S.W.2d 132 (Tex.App.-Tyler 1994)………………………………11, 13

*Hooper v. Pitney Bowes*,
   895 S.W.2d 773 (Tex. App.-Texarkana 1995)………………………9

*Howard v. American Paper Stock Co.*,
     523 S.W.2d 744 (Tex.Civ.App.-Fort Worth 1975)……………………………8

*J. V. Harrison Truck Lines, Inc. v. Larson*,
     663 S.W.2d 37 (Tex. App.-Houston [14th Dist.] 1983, writ ref'd n.r.e.)……9

*Josey-Miller Co. v. Sheppard*,
     357 S.W.2d 488 (Tex. Civ. App.-Beaumont 1962, no writ)……………….11

*Merrell Dow Pharm., Inc. v. Havner*,
     953 S.W.2d 706 (Tex.1997)………………………………………………….5

*Nixon v. Mr. Prop. Mgmt. Co.*,
     690 S.W.2d 546 (Tex.1985)………………………………………………….5

*Ramos v. Frito-Lay, Inc.*,
     784 S.W.2d 667 (Tex. 1990)………………………………………………...9

*Texas Workers' Comp. Comm'n v. Garcia*,
     893 S.W.2d 504 (Tex. 1995)………………………………………………...8

*Wal-Mart Stores, Inc. v. Alexander*,
     868 S.W.2d 322 (Tex. 1993)………………………………………...11, 12

*Wrenn v. G.A.T.X. Logistics, Inc.*,
     73 S.W.3d 489 (Tex. App.-Fort Worth 2002)……………………………….7

**Rules:**

Tex. R. App. P. 9.4(i)(1)…………………………………………………..14

Tex. R. App. P. 9.4(i)(2)(D) ……………………………………………..14

Tex. R. App. P. 9.4(i)(3) ………………………………………………….14

Tex. R. Civ. P. 166a(c) …………………………………………………….5

Tex. R. Civ. P. 166a(i) ……………………………………………………..5

## ARGUMENT & AUTHORITIES

**ISSUE ONE:** The trial court erred in granting summary judgment because genuine issues of material fact exist, thus precluding summary judgment, regarding (1) whether Appellee had the right to control the vehicle Miguel Zapeta-Rodriguez ("Rodriguez") was operating; (2) whether Appellee entrusted the vehicle to Rodriguez; (3) whether Rodriguez was in the course and scope of his employment with Appellee at the time of the accident; and (4) whether Appellee was grossly negligent.

For the purposes of this appeal, the central question which this Court must address is whether Appellant presented evidence sufficient to create a question of fact regarding each of the above issues. TEX. R. CIV. P. 166a(c),(i); *see also Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex.1985); *City of Keller v. Wilson*, 168 S.W.3d 802, 825 (Tex. 2005). The evidence presented by Appellant to the trial court satisfied his burden on each of these points. Thus, summary judgment was improper.

**A. Fact issues exist about whether Appellee retained control over the vehicle Rodriguez was driving and whether Appellee entrusted the vehicle to Rodriguez.**

Appellee's control over Martina Ortiz Grifaldo's ("Grifaldo") vehicle is established given the evidence that the vehicle was originally brought in during

5

business hours for repairs on the eve of the accident, July 8, 2011. C.R. 88-89 at 19:4-13; 22:23-23:6.[1] Grifaldo's vehicle was being brought in to be repaired by one of Appellee's employees. C.R. 81-82 at 75:2-12; 78:13-20. The vehicle was experiencing electrical issues and an employee of Appellee was going to fix it. C.R. 81-82 at 75:2-12; 78:13-20. This testimony was corroborated by Rodriguez. C.R. 61 at 72:8-24; C.R. 63 at 74:7-9.

The testimony of Alejandro Gomez ("Gomez"), Rodriguez's roommate at the time, establishes that Grifaldo's vehicle was dropped off at Appellee's facility on July 8, 2011, and that Rodriguez drove the vehicle home that same evening.

> "Q. *Did he tell you if the vehicle had been dropped off or given to him while he was at work on Friday?*
>
> A. *He only told me that they brought it to him during work -- during his work, and he didn't tell me the time*.
>
> Q. *So sometime while he was at work, the car was brought to him; is that correct?*
>
> A. *Yes.*" C.R. 89 at 22:23 to 23: 6 (emphasis added).

Appellee cites to the testimony of Alexander Buentello, Edson Carrizales, and Rodriguez to support its contention that Grifaldo's vehicle was not in its possession or control the day before the accident. However, Messrs. Buentello and Carrizales' testimony cannot be taken at face value given the fact that they

---

[1] For the purposes of this Reply Brief, all citations to the Court Record ("C.R.") shall refer to the Court Record filed on July 9, 2015. Grifaldo was previously a named Defendant in the underlying matter. C.R. 18-19.

are/were employees of Appellee at all pertinent times. The testimony of Rodriguez, a named Defendant in the underlying matter, is directly contradicted by Gomez's testimony. Gomez is the sole disinterested witness in this entire case.

Likewise, it is immaterial what time Rodriguez showed up at Appellee's facility on July 9, 2011. The key issue, which Appellant has provided sufficient evidence of, is that Grifaldo's vehicle was at Appellee's facility on July 8, 2011, and Rodriguez drove it home from work on July 8, 2011. Thus, Appellant presented sufficient evidence to create a question of fact that (1) Grifaldo's vehicle was brought to Appellee's facility for repairs; (2) those repairs were to be done by one of Appellee's employees; (3) the vehicle was originally at Appellee's facility on July 8, 2011; and (4) Rodriguez took the vehicle from Appellee's facility on July 8, 2011. Appellee's allowed Rodriguez to drive the vehicle from their facility on July 8, 2011, and Rodriguez intended to bring it back for repairs. Appellee's summary judgment, therefore, should have been denied.

**B.    A fact issue exists as to whether Rodriguez was in course and scope.**

"An employee's conduct is within the scope of employment when that conduct is of the same general nature as that authorized or incidental to the conduct authorized." *Wrenn v. G.A.T.X. Logistics, Inc.*, 73 S.W.3d 489, 494 (Tex. App.-Fort Worth 2002). Course and scope of employment is generally a fact issue like negligence or proximate cause. *See, e.g., GTE Southwest, Inc. v. Bruce*, 998

7

S.W.2d 605, 618 (Tex. 1999); *Texas Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 515 (Tex. 1995). The Court reviews the evidence in the light most favorable to the non-movant, crediting such evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Wilson* at 825.

Rodriguez's duties and responsibilities in his job were described in <u>general</u> terms as "he did whatever was needed of him." C.R. 98 at 7:9-13. Appellant attempts to limit the testimony regarding Rodriguez's job duties to bolster its argument that Rodriguez was not allowed to drive any vehicles. However, this testimony is broad enough to include driving customer's vehicles. The object for which Rodriguez was hired was to perform work and assist his employer in whatever way was required.

Further, there is no dispute that Rodriguez's purpose for driving the vehicle on July 9, 2011, was to benefit his employer. Grifaldo's car was being brought back to Appellee's facility for repairs; repairs for which Appellee would expect payment. C.R. 63 at 74:3-9. If the purpose of serving the master's business actuates the servant to any appreciable extent, the master is subject to liability if the act otherwise is within the service of his employer.[2] Rodriguez testified that:

---

[2] *Howard v. American Paper Stock Co.*, 523 S.W.2d 744 (Tex.Civ.App.--Fort Worth 1975) (emphasis added) reformed and aff'd 528 S.W.2d 576 (Tex. 1975); *Eubanks v. Hughes Engineering Co.*, 369 S.W.2d 49 (Tex.Civ.App.-- Fort Worth 1963, writ ref'd n.r.e.).

"Q. The main reason for you driving the car on Saturday morning was to get the alarm fixed; is that correct?

A. I was going to work. ***And at that time, I was going to give one more job to the company***." C.R. 105-106 at 80:22 to 81:1 (emphasis added).

Therefore, Rodriguez was acting within his general authority and furthering the business interests of this employer because he was bringing a customer and revenue to Appellee.

Even if Rodriguez was not permitted to drive customer's vehicles, the fact that an employee does an act that is unauthorized or that would not be approved by his employer does not mean that the employee was outside the scope of his employment. *Hooper v. Pitney Bowes*, 895 S.W.2d 773, 777 (Tex. App.-Texarkana 1995). The employer is liable for the act of his employee, even if the specific act is unauthorized or contrary to express orders, so long as the act is done while the employee is acting within his general authority and for the benefit of the employer.[3] As established by the evidence, supra, Rodriguez was doing "whatever was needed of him" and was bringing business to Appellee. Therefore, Rodriguez was still in the course and scope of his employment since he was (1) acting within his general authority and (2) was acting with an intent to benefit his employer.

---

[3] *Ramos v. Frito-Lay, Inc.*, 784 S.W.2d 667 (Tex. 1990); *J. V. Harrison Truck Lines, Inc. v. Larson*, 663 S.W.2d 37 (Tex. App.--Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Baker Hotel of Dallas v. Rogers*, 157 S.W.2d 940 (Tex. Civ. App.--Dallas 1941), writ ref'd per curiam, 138 Tex. 398, 160 S.W.2d 522 (1942).

**Deviation**

When considering course and scope of employment, "it is the servant's state of mind that is material, and the servant's conduct can be within the course and scope of employment if the servant is actuated to some extent by an intent to serve the master." *Arbelaez v. Just Brakes Corp.*, 149 S.W.3d 717 (Tex. App.-Austin 2004). "The fact that the preponderate motive of the servant is to benefit himself or a third person does not prevent the act from being within the scope of employment." *Best Steel Bldgs., Inc. v. Hardin,* 553 S.W.2d 122, 123 (Tex. App.-Tyler 1977, no writ). Even "personal errands" can be in furtherance of an employer's business if they directly or indirectly benefit the employer.[4]

Rodriguez did not completely deviate from his job to either (1) go get a part for a friend at the junkyard or (2) to bring Grifaldo's car in as a favor to her. While each of these proposed purposes may have been purely personal, the overarching purpose for driving Grifaldo's vehicle that day was to benefit his employer. The work on Grifaldo's vehicle was going to be performed at Appellee's facility and Rodriguez expected Appellee to be paid for the work.

---

[4] *See, e.g., Arbelaez* at 722 (holding that employer failed to prove the employee's conduct was purely personal errand not in furtherance of the business where the employee's errand -a breakfast run - benefited the employer, albeit indirectly); *see also Gilgon, Inc. v. Hart,* 893 S.W.2d 562, 569 (Tex. App.-Corpus Christi 1996, pet. denied) (holding that an employee may remain within the course of employment while on an errand that combines work-related tasks with purely personal chores).

Even if Rodriguez was personally benefitted to some degree by a personal errand, his action of driving Grifaldo's vehicle to Appellee's facility on July 9, 2011, could still be within the course and scope of his employment.[5] Assuming that Rodriguez brought the vehicle to Appellee as a favor for Grifaldo, Appellee still would have benefited from the repair work to the vehicle. Rodriguez was still acting within his general authority, his actions were benefitting his employer, and he was accomplishing an act for which he was hired.

The foregoing reveals that Appellant presented sufficient evidence to create a question of fact regarding whether Rodriguez was in the course and scope of his employment at the time of the accident. Therefore, the trial court erred when it granted Appellee's summary judgment.

## C.    A fact issue exists as to whether Appellee was grossly negligent.

Gross negligence is established if "there is some evidence that (a) the defendant's conduct created an extreme risk of harm, and (b) the defendant was aware of the existence of the extreme risk." *Hanna v. Lott*, 888 S.W.2d 132, 137 (Tex.App.-Tyler 1994) (citing *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d

---

[5] *See Gilgon, Inc. v. Hart*, 893 S.W.2d 562, 568 (Tex. App.--Corpus Christi 1994, writ denied) (employee's actions may still be within course and scope of employment even if private matters are mixed with business errand); *Dictaphone Corp. v. Torrealba*, 520 S.W.2d 869, 872 (Tex. Civ. App.-Houston [14th Dist.] 1975, writ ref'd n.r.e.) ("Conduct may be within the scope of employment, although done in part to serve the purposes of the servant or of a third person.") (citing Restatement (Second) of Agency § 236 (1958)); *Josey-Miller Co. v. Sheppard*, 357 S.W.2d 488, 490 (Tex. Civ. App.--Beaumont 1962, no writ) (employee still within course and scope even when "there is a mingling of the master's business with the servant's business").

322, 326 (Tex. 1993)). Gross negligence is the entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the rights or welfare of the person or persons to be affected by it. *See Wal-Mart* at 325.

A plaintiff may prove the elements of gross negligence through circumstantial evidence. *Garay v. G.R. Birdwell Constr., L.P.*, 2014 Tex. App. LEXIS 12710, *25 (Tex. App.-Houston [1st Dist.] 2014). The evidence is legally sufficient if it rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *See General Motors Corp. v. Sanchez*, 997 S.W.2d 584, 595 (Tex. 1999).

The records clearly evinces that Rodriguez was an unlicensed epileptic driver at the time of the accident. C.R. 111-114. Despite Appellee being aware of both these facts, it expressly or impliedly permitted Rodriguez to take the vehicle from their facility on July 8, 2011, with the intent that it be brought back the following day. C.R. 88-89 at 19:4-13; 22:23 to 23:6. Permitting an individual who suffers from epilepsy and who is otherwise not permitted to drive involved an undeniably extreme risk of harm to others. Appellee was aware of the risk but permitted Rodriguez to drive the vehicle anyway and/or took no steps to prevent him from driving.

At the time Appellee entrusted Grifaldo's vehicle to Rodriguez with the purpose of bringing it back the following day, there was an unmistakable extreme risk of serious injury. Appellee undoubtedly knew of the peril, and its acquiescence to Rodriguez's use of the vehicle, or its failure to prevent his use of the vehicle, demonstrates Appellee's apathy. Thus, the a fact finder could determine that Appellee was consciously indifferent to the safety of others in failing to forbid or prevent Rodriguez from driving Grifaldo's vehicle. *See Hanna* at 137.

Therefore, Appellant presented sufficient evidence of Appellee's gross negligence, either by their entrustment of the vehicle to Rodriguez or vicariously as his employer. The trial court, therefore, erred when it granted Appellee's summary judgment.

## PRAYER

For the above reasons, Appellant presented sufficient evidence to raise genuine issues of material fact, thus precluding summary judgment, regarding (1) whether Appellee had the right to control the vehicle Rodriguez was operating; (2) whether Appellee entrusted the vehicle to Rodriguez; (3) whether Rodriguez was in the course and scope of his employment with Appellee at the time of the accident; and (4) whether Appellee was grossly negligent.

**WHEREFORE, PREMISES CONSIDERED,** Appellant prays that this Court reverse the trial court's order granting Appellee's traditional and no-

13

evidence motion for summary judgment and remand this matter to the trial court for further proceedings.

Respectfully submitted,

**HUSAIN LAW + ASSOCIATES, P.C.**

By: */s/ Joshua R. Leske*
  Joshua R. Leske
  Texas Bar No.: 24060162
  5858 Westheimer, Suite 400
  Houston, Texas 77057
  Telephone (713) 621-8900
  Facsimile (713) 621-8909
  jleske@hlalawfirm.com

**COUNSEL FOR APPELLANT**

<u>**CERTIFICATE OF COMPLIANCE**</u>

Pursuant to Tex. R. App. P. 9.4(i)(3), this is to certify that this brief complies with the type-volume limitations of Tex. R. App. P. 9.4(i)(2)(D). This brief contains 2,291 words in a proportionally spaced typeface, exclusive of the exempted portions set forth in Tex. R. App. P. 9.4(i)(1). This brief has been prepared using Times New Roman 14-point in text and Times New Roman 12-point in footnotes produced by Microsoft Word software.

*/s/ Joshua R. Leske*
Joshua R. Leske

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed electronically with the court and served upon all known counsel of record as follows on August 18, 2015:

***Via E-Filing & E-Service***

Mr. Troy A. Williams
Ms. Robin N. Blanchette
Germer PLLC
333 Clay Street, Suite 4950
Houston, Texas 77002

***Via E-Filing & E-Service***

Mr. Joseph M. Heard
Heard & Medack, P.C.
9494 Southwest Freeway, Suite 700
Houston, Texas 77074

/s/ Joshua R. Leske
Joshua R. Leske